# IN THE MATTER OF THE EXTENSION OF KUKUI STREET, CLAIM OF MRS. CHARLES NOTLEY.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 10, 1906.          DECIDED MARCH 5, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

EMINENT DOMAIN—*statutory proceedings to determine value of land required for public street—right of Territory to discontinue.*

The Territory had extended Kukui street under the provisions of Sec. 750, R. L., acquiring, under the provisions of Chap. 52, Ib., the land within the surveyed limits, except the claimant's, on whose claim for damages commissioners, appointed as prescribed by statute, made and delivered to the claimant a decision awarding her $419.30 damages, from which award and decision she appealed to the circuit court. Upon the case being called for trial the Territory and superintendent of public works filed a discontinuance and abandonment of the proceedings which the court refused to allow, ordering the trial to proceed in their absence with the result of a verdict for the claimant in the sum of $1250. Held: The Territory had no right to discontinue the proceedings at the time it sought to do so, since it had so far completed the extension that it could not discontinue its public use and, in fact, had not sought to do so, and the claimant's land was required in order to make the extension conform to the statute.

### OPINION OF THE COURT BY HARTWELL, J.

The question presented by the exceptions is whether the Territory can discontinue and abandon proceedings to condemn land proposed to be taken for the extension of Kukui street in Honolulu after appraisement by commissioners of the value of the property and appeal by the land owner to the circuit court from the decision of the commissioners awarding her $419.30 damages.

The claimant refused to consent to the discontinuance and abandonment and demanded that the trial proceed, to which the Territory objected. The court overruled the objection and ordered the trial to proceed at once, to which order the Territory excepted and thereupon withdrew from participation in the trial. The court thereafter empaneled a jury and proceeded with the trial in the absence of any one representing the Territory, the result of the trial being a verdict for the claimant in the sum of $1250.

Chapter 56 of the Revised Laws, relating to extension of certain streets in Honolulu including Kukui street, provides (Sec. 746) that the streets "shall be extended as in this chapter set forth, at such times as the governor shall decide, according to the respective surveys for such extension thereof in section 750, anything in chapter 52 to the contrary notwithstanding. And whenever the governor shall deem it desirable for the public convenience so to extend the said streets or any of them, as aforesaid, he may cause the same to be done, after requiring the damages and betterments which such extension or extensions will cause in private real estate affected thereby to be appraised according to the provisions of said chapter."

The claimant contends that she is entitled to compensation for her land as the statute provides that its title vested in the Territory upon delivery to her of the commissioners' decision (Sec. 700, R. L.), and that the Territory cannot be heard to claim, as it does, that the statute is unconstitutional; also that the Territory had no right to discontinue proceedings and that if this could be done, under any circumstances, consent of the court would be required upon a showing of good or equitable reasons.

The Territory claims the absolute right to discontinue on the ground that it is essential to ascertain the cost of the entire improvement before being bound to make it and that there is no liability incurred to pay for the land until it is actually taken.

It is difficult to say what additional meaning is given by the second paragraph of section 746 since by the first paragraph

the governor has discretion to decide when any of the streets
shall be extended, and the general statute concerning public
improvements (Chap. 52) prescribes the method of acquiring
land and ascertaining its value.  The governor can defer his
decision as to the extension of any street until after learning
what that expense would be and to do this would be in the public
interest.  The phraseology of the section is used in the acts pro-
viding for Hilo street extension (Chap. 58, R. L.) and for
widening certain Honolulu streets (Chap. 55, Ib.).    Under
either paragraph of section 746 it is discretionary with the gov-
ernor whether to have any of the streets extended or not and at
what time any shall be extended if it is to be done at all.  If it
rested with him alone to say, it is proper to infer that he would
not decide to have a street extended at any time unless he con-
sidered it "desirable for the public convenience."  The latter
part of the second paragraph of section 746 may be regarded,
on the one hand, as expressing a condition precedent to the
governor causing a street to be extended, and as requiring him
first to obtain an appraisement of the damage resulting to pri-
vate real estate, or, on the other hand, as expressing the statutory
proceeding which regularly precedes the construction of any
public highway.  If we construe the statute as limiting his
authority to cause a street to be extended by his performance of
this condition precedent, namely, ascertaining the entire cost,
then it would follow that Kukui street has not been lawfully
extended since the value of the claimant's land was not ascer-
tained.  This conclusion is obvious since the statute requires
the streets to be extended, if at all, "according to the respective
surveys for such extension thereof in section 750."  Section 750
is a schedule of the surveys, in each of which the proposed
extension is specified to be "fifty feet in width."  Under this
provision no street of less width could lawfully be extended.

Upon consideration of all the difficulties of construing this
provision for ascertaining damages as a condition precedent to
causing a street to be extended we are of the opinion that noth-
ing more is intended than to express the method prescribed by
statute in all such cases.  In this construction the clause may

appear superfluous, but it may have been regarded as important in order to make the act complete in itself.

While the extension of Kukui street might have been deferred until an appraisement was made of the value of all the land to be used for it, and need not have been begun if the cost had appeared to the governor to be excessive, yet it was decided upon and so far constructed that it cannot be discontinued. The superintendent, after failure to agree with this claimant concerning the value of her land, having caused commissioners to be appointed to decide its value, she has a right to have the value determined in the manner provided by statute. He has no authority to discontinue the new street, which is constructed, nor to leave out the claimant's land which is required in order to make the extension conform to the statute.

Confining the ruling strictly to the facts in this case we hold that the Territory had no right to discontinue these proceedings at the time it sought to do so since the extension of Kukui street had so far been completed that the Territory could not discontinue its public use and, in fact, had not sought to do so.

This was not a common law action which the Territory, regarded as a plaintiff, could discontinue or nol' pros at will at any time before going to the jury. *Wright v. Bartlett,* 49 N. H. 290; *Hughes v. Moore,* 11 U. S. 189; *Commissioners v. Trustees,* 107 Ill. 489.

In the view which we have taken of the case it is unnecessary to consider the constitutionality of the statute vesting the title in the Territory upon delivery to the claimant of the decision of the commissioners, nor the right of the Territory to raise the question.

Exceptions overruled.

*M. F. Prosser, Deputy Attorney General,* for the Territory.

*S. H. Derby, Kinney, McClanahan & Cooper* on the brief, for the claimant.

### CONCURRING OPINION OF FREAR, C.J.

I concur on the ground that whether the Territory could have discontinued the street extension or not, it did not do so, and so long as it did not do so it could not discontinue the proceedings for ascertaining the value of the particular land in question.