F. A. NAGLE, Plaintiff in Error, *vs.* HERMAN W. SCHNADT,
Exr., Defendant in Error.

*Opinion filed April 23, 1909.*

1. EVIDENCE—*witness who states that signature is forged may
state wherein it differs from genuine one.* Where a non-expert
witness testifies that the signature to a note is not genuine, from
having seen the alleged maker of the note write, it is proper for
him to state, without argument, the points of difference between
the signature to the note and the genuine signature of the alleged
maker, where there is no other signature or writing of the alleged
maker in evidence with which to make comparison.

2. SAME—*what does not show that witnesses were prejudiced.*
Where children of the deceased testify against the interests of the
estate in a proceeding to establish a claim, it is proper to show,
by cross-examination, that they are prejudiced against the execu-
tor or interested in favor of the claimant; but mere proof that
they are dissatisfied with their father's will, without showing the
reason for their dissatisfaction, does not go far enough to estab-
lish such prejudice or interest, and its admission is prejudicial, in
affording the jury an improper basis for surmising that such wit-
nesses were swayed by improper motives.

3. TRIAL—*when error in permitting the defendant to open and
close argument will not reverse.* Error in permitting the defend-
ant executor to open and close the argument to the jury is not
ground for reversal, where the case was tried and the instructions
for both parties asked and given upon the erroneous theory that
when the note in suit was admitted in evidence the burden upon
the whole case rested upon the defendant executor to show that
the signature to the note, purporting to be that of his testator, was
not genuine.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of DuPage county; the Hon. L. C. RUTH, Judge,
presiding.

On October 26, 1905, F. A. Nagle, the plaintiff in er-
ror, filed a claim in the county court of DuPage county
against the estate of Henry Schnadt, deceased. The claim
was based on a note dated August 12, 1903, for the sum

of $3000, with interest thereon from date at the rate of five per cent per annum, payable to the order of F. L. Schnadt two years after date, alleged to have been signed by the deceased and assigned by the payee, before maturity, to the plaintiff in error. A credit of one year's interest had been endorsed on the back of the note by the payee. When the claim was filed, Herman W. Schnadt, executor of the last will of the deceased, defendant in error, filed an affidavit denying that the signature to the note was that of the deceased. After a hearing on the question so raised in the county court the claim was allowed. The executor of the will then prayed an appeal to the circuit court of that county, where, upon a trial by jury, he secured a verdict and judgment in his favor, which has been affirmed by the Appellate Court for the Second District. To review that judgment Nagle sued out a writ of error from this court.

Upon the trial in the circuit court five witnesses testified that the signature to the note was that of the deceased and an equal number testified that it was a forgery. No defense other than that questioning the signature was interposed.

Plaintiff in error insists that the court erred in passing on objections to evidence. When the case was argued to the jury the court permitted counsel for the defendant in error to open and close the argument, and this action of the court has also been assigned as error.

John S. Stevens, for plaintiff in error.

Botsford, Wayne & Botsford, and S. L. Rathje, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

The presumption is that the plaintiff in error is an innocent purchaser who acquired the promissory note before maturity. The evidence as to the signature was sharply conflicting and seems to have been about evenly balanced.

Upon the trial certain non-experts, who testified for defendant in error to the effect that the signature to the note was not that of the deceased, were permitted to state wherein the signature to the note differed from the genuine signature of the deceased. There was no other alleged signature or writing of the deceased in evidence with which the signature to the note could be compared, and it is insisted by the plaintiff in error that the evidence of these witnesses as to the signature should have been confined, on direct examination, to their statements that the signature was not the signature of Henry Schnadt. It seems to us, upon reason, that it is proper for one who testifies that a signature is not genuine, from having seen the person whose handwriting is in question write, to point out, without argument, the points of difference between the signature in question and the genuine handwriting of the person who is alleged to have written the signature. This view of the law finds support in 1 Greenleaf on Evidence, par. 576, and *Kendal* v. *Collier*, 97 Ky. 446.

Four of the five witnesses who testified for plaintiff in error were two daughters of the deceased and their husbands. Upon the cross-examination of these witnesses defendant in error was permitted to show that the two daughters were dissatisfied with the provisions of the father's will, and that F. L. Schnadt, to whom the note was originally made payable and who was a son of the deceased, was also dissatisfied with the will and that he employed an attorney who appeared for him when the will was offered for probate. This was objected to on the ground that it was immaterial, and the cross-examination as to F. L. Schnadt was further objected to on the ground that it was not proper cross-examination. So far as the daughters were concerned, the evidence was admitted on the ground that it tended to show some prejudice on their part against the executor or some interest in favor of the plaintiff in error, the theory apparently being that they would prefer

to have the plaintiff in error obtain the money represented by the note from the executor than that the executor should retain the same for the benefit of the estate. While both the daughters stated that they were not pleased with their father's will, that instrument was not offered in evidence and it does not appear what its provisions were. The jury did not know what the ground of their dissatisfaction was. So far as appears they may have been dissatisfied because they believed that F. L. Schnadt was given too much property by the will, and he may have been dissatisfied because he did not think he obtained enough.

We think the cross-examination of the witnesses for the plaintiff in error as to their interest or prejudice was along proper lines but that it did not go far enough to indicate that they possessed any such interest or prejudice, and failing to go that length it was inadmissible and prejudicial to the rights of plaintiff in error, in that it afforded the jury an improper basis for surmising that the witnesses were swayed by a wrongful motive. For this reason there must be a reversal.

It is entirely clear that it was not proper, on cross-examination, to elicit the testimony of plaintiff in error's witnesses as to whether F. L. Schnadt was dissatisfied with the provisions of the will and as to the employment of an attorney by him who appeared at the probate. They were asked nothing, on direct examination, that pertained even remotely to those matters. The mere fact, however, that this evidence was elicited on cross-examination would not warrant reversal if the record was otherwise free from error. It would have been proper for defendant in error to show, in the usual way, anything that would indicate any motive that could have induced F. L. Schnadt to forge the signature in question.

One of the witnesses called on behalf of defendant in error was William Schnadt, another son of the deceased, who testified that the signature was not that of his father. On

cross-examination of this witness, plaintiff in error, for the purpose of showing his interest or prejudice, asked him whether he was satisfied with his father's will. Defendant in error objected. The judge and one of counsel for the plaintiff in error then engaged in a colloquy, in the course of which the judge intimated that the objection was well taken. No exception was preserved to that ruling, but counsel for plaintiff in error then asked the witness several questions seeking to show that there had been disputes between the witness and the executor of the will, who was also a son of the deceased, about the will, and that the executor had during the last year paid him more than $600 in settlement of these disputes. To each of these questions an objection was sustained and in each instance plaintiff in error preserved his rights. We think it cannot be said that this offered evidence would have tended to show interest or prejudice. Like the proof improperly admitted in cross-examination of plaintiff in error's witnesses, it did not go far enough.

On the trial the court wrongfully permitted defendant below to open and close the argument to the jury over the objection of plaintiff below, and this has been assigned as error. In a suit like this, which is close on the evidence, this error, alone, would ordinarily warrant reversal. (*South Park Comrs.* v. *Trustees of Schools,* 107 Ill. 489.) But here the court and counsel on both sides erroneously tried the cause on the basis that after the note was admitted in evidence the burden upon the whole case rested upon the defendant below to show that the signature was not genuine. Both parties asked instructions that were given on that theory and both invited the court's error in giving those instructions. The burden of proof to show that the signature was genuine rested upon the plaintiff in the suit upon the whole case. Whether the court's error in improperly giving to the defendant below the opening and closing argument to the jury was cured by the error in advising

the jury that the burden of proof was upon the defendant we need not determine.

The judgment of the Appellate Court and the judgment of the circuit court will be reversed and the cause will be remanded to the circuit court for further proceedings.

*Reversed and remanded.*