## SOUTH PARK COMMISSIONERS

### *v.*

### TRUSTEES OF SCHOOLS.

*Filed at Ottawa September 29, 1883.*

PRACTICE—*who has the opening and conclusion, in proceeding to condemn land.* In a proceeding to condemn land for public use, and for the ascertainment of the compensation to be made and the damages to be assessed, the petitioner holds the affirmative of the issue to be tried, and consequently is entitled to the opening and conclusion, both in the matter of introduction of evidence, and upon the argument to the jury.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. MELVILLE W. FULLER, and Mr. J. B. BARTON, for the plaintiffs in error, upon the question of the right of the petitioner in the court below to the opening and conclusion, cited *Penhuyn Slate Co.* v. *Meyer,* 8 Daly, 62; *Neff* v. *Cincinnati,* 32 Ohio St. 215; *Fitzpatrick* v. *City of Joliet,* 87 Ill. 62; Wharton on Evidence, sec. 357; Taylor on Evidence, sec. 338. The proper test is, says Mr. Baron ALDERSON, in *Amos* v. *Hughes,* 1 M. & Rob. 494, which party would be successful if no evidence at all were given.

Messrs. LEAMING & THOMPSON, for the defendants in error, contended the court below ruled properly in giving the opening and conclusion to the respondent,—the land owner,— citing, as bearing upon that question, Mills on Eminent Domain, sec. 92; *Burt* v. *Wigglesworth,* 117 Mass. 302; *Parks* v. *Boston,* 15 Pick. 198; *Connecticut River R. R. Co.* v. *Clapp,* 1 Cush. 559; *Winnisimmet Co.* v. *Grueby,* 111 Mass. 543; *Burt* v. *Merchants' Ins. Co.* 115 id. 1; 1 Greenleaf on Evidence, secs. 76, 77; *Mercer* v. *Whall,* 5 Ad. & Ellis, 447; *Minnesota Valley R. R. Co.* v. *Doran,* 17 Minn. 188; *Sangamon County* v. *Brown,* 13 Ill. 207; *Mt. Sterling* v. *Givens,* 17 id. 256; *Dunham* v. *Hyde Park,* 85 id. 578.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition in the circuit court of Cook county, filed by the South Park Commissioners in March, 1881, to condemn a certain lot in the town of Hyde Park, owned by the trustees of schools of township 38. Under the act creating the South Park Commissioners the corporation was authorized to take lands within certain limits for park purposes, and to acquire title, by gift, condemnation or otherwise. It was agreed on the trial that the lot in question had a frontage of 186 feet on South Park avenue, north line 216 feet, south line $186\frac{1}{2}$ feet, contents of the lot $\frac{86}{100}$ of an acre. It was also agreed that the value of the improvements on the lot should be put at $3400, so that the jury only had to determine the amount of compensation to be paid for the land to be taken, consisting of $\frac{86}{100}$ of an acre. The jury, after being sworn, went upon the premises and examined the same, and after hearing the witnesses called by the respective parties, they returned a verdict, in which the compensation was fixed at $29,440. The court overruled a motion for a new trial, and entered judgment upon the verdict. To reverse that judgment the South Park Commissioners sued out this writ of error.

It is first contended that the verdict is excessive, and for that reason the judgment should be reversed.   The property is located some seven miles from the court house in Chicago, no sewer in front of it, nor is it connected with gas or water. Under such circumstances, in view of the situation and location of the property, the amount of compensation fixed by the jury seems large; but where the jury have in person viewed the premises, and determined the amount of compensation from such an examination, in connection with the other evidence introduced on the trial, courts are reluctant to disturb the verdict on the ground, alone, that the verdict may, in the opinion of the court, be too large.   In this case, however, it will not be necessary to pass upon that question, as the record contains an error for which the judgment will have to be reversed.

On the trial of the cause, against the objection of the petitioner, the court allowed the defendant, the owner of the land, to open and close the case in the introduction of evidence and on the argument to the jury.   The decision of the circuit court on this point is relied upon as error.   Whether the petitioner 'has the right to open and close in a case of this character, is a question upon which the courts in the different States are not harmonious.   But the question is not a new one in this State; it arose in *McReynolds* v. *Burlington and Ohio River Ry. Co.* 106 Ill. 152, and we there held that the petitioner in a proceeding to condemn lands held the affirmative, and had the right to open and close the case.   This decision was predicated on the rule announced in Wharton on Evidence, sec. 357, where the author says:   "It may be stated as a test of universal application, that whether the proposition be affirmative or negative, the party against whom judgment would be given as to a particular issue, supposing no proof to be offered on either side, has on him, whether he be plaintiff or defendant, the burden of proof, which he must satisfactorily sustain."   After referring to

what Wharton on Evidence declares as the correct rule on the subject, it was then said: "The present proceeding is not one by the land owner to have an assessment made of his damages, or compensation for the taking of his land, but it is a proceeding instituted by the railroad company to ascertain what is a just compensation for the land sought to be appropriated. By our State constitution the land can not be acquired without just compensation to the land owner, to be ascertained by a jury. The statute upon the subject contemplates that the jury are to ascertain the compensation 'after hearing the proof offered.' Should there be no proof offered, the petitioner would be defeated. * * * Under the rule, then, that the party entitled to begin is he who would have a verdict against him if no evidence were given on either side, we think the court below properly ruled that the petitioner should open and close." We think the rule announced is sound in principle, and we perceive no reason why it should not be adhered to. The rule seems to be general that the party who asserts the affirmative of an issue is entitled to begin and to reply. 1 Greenleaf on Evidence, sec. 74.

Under our constitution and laws the land can not be taken until just compensation is made, and where the petitioner and land owner can not agree in regard to the amount of compensation, the petitioner is compelled to institute the proceedings to determine what shall be just compensation. To the petition which may be filed by the corporation to condemn the land for public use, no answer or plea of any character is required to be filed, but the amount to be paid for the property taken is to be determined upon the petition itself. The evidence of the value of the property introduced by the petitioner may be considered as the amount which it regards as just compensation, and as the amount which it is willing to pay. The defendant denies that this amount is just compensation, and as a defence to the proposition of petitioner that the amount which has been proved and thus

offered is just compensation, he introduces his proof to increase that amount. The real issue in the case then would seem to be whether the amount established by the petitioner is the correct amount, or should it be increased. This is the issue, and it seems only reasonable that the land owner should assume the defence. The land owner does not inaugurate the proceeding; he files no plea which the law requires him to establish by affirmative proof; indeed, he does not ask for damages, as the law guarantees him the right to hold and enjoy his land until the petitioner shall make him just compensation therefor. Under such circumstances we perceive no principle under which it can be properly held that the defendant has the right to begin and close. If a petitioner could take the land upon the payment of nominal damages, perhaps a different rule might prevail; but such is not the case,—the land can not be taken and appropriated to public use until full compensation shall be made. This is a guarantee of the State constitution which must in all cases be observed. The rule here announced is in harmony with the practice indicated to be correct in *Village of Hyde Park* v. *Dunham*, 85 Ill. 569, and *Fitzpatrick* v. *City of Joliet*, 87 id. 62, although the question here involved was not directly raised in those cases.

For the error indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*