Dorothea Kortlander, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 49,492.

First District, Third Division.

February 18, 1965.

Rehearing denied March 25, 1965.

William J. Harte, of Chicago (James B. Sloan, of counsel), for appellant.

William J. Lynch, William S. Allen, Jerome F. Dixon and Charles F. White, all of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a personal injury action against the Chicago Transit Authority. The plaintiff appeals from a judgment entered in behalf of the defendant after a jury verdict, claiming that there were errors in instructions and in evidentiary rulings and that the argument of the defense counsel was improper and prejudicial.

The case of the plaintiff depended solely upon her own testimony. On the afternoon of October 28, 1958, the plaintiff was a passenger on the defendant's northbound Michigan Avenue bus. As the bus neared Ohio Street she arose and went to the center exit door. She put one foot on the first step and then the bus stopped and stood still. The door opened and, according to her testimony, an unidentified man in front of her alighted safely but as she stepped down the bus lurched forward throwing her out of the open door onto the pavement. She did not strike the bus or the man who had left the bus ahead of her. The single theory of negligence advanced by the plaintiff was the sudden and abrupt movement of the bus.

Five other passengers testified on behalf of the defendant. Although there were minor inconsistencies in their testimony, all five witnesses stated unequivocally that after the bus came to a stop at Ohio Street it remained stopped until after the plaintiff fell. Four testified positively that the bus did not jerk. Three of the witnesses saw the plaintiff start down the steps and fall to the sidewalk.

Additional testimony was given by Mabel Bailey, one of the five occurrence witnesses. She testified that when the plaintiff boarded the bus she was "pale"

and "wavering." After the plaintiff fell Miss Bailey stepped from the bus and assisted her to her hotel. At that time the plaintiff told her that she had been in a doctor's office and was facing a series of operations. Months later, through an advertisement in a newspaper, the plaintiff contacted Miss Bailey and asked her whether the bus had moved or had jolted her out of the door. Miss Bailey told her that the bus never moved. The plaintiff then asked: "Well, couldn't you say that the bus had moved?" Miss Bailey testified that she said "no" and told the plaintiff that she could only say what she saw.

The plaintiff first contends that the court committed reversible error by refusing to submit plaintiff's Instruction 3 to the jury. This read as follows:

> "Plaintiff was a passenger of defendant if she was in the act of alighting from defendant's bus with the actual or implied consent of defendant."

██ ██ The plaintiff argues that her status at the time of the occurrence was of critical importance because of the higher standard of care owed by a public carrier to its passengers (Lutz v. Chicago Transit Authority, 36 Ill App2d 79, 183 NE2d 579), and that the instruction was essential because without it the jury might consider the plaintiff no longer a passenger when she fell upon the pavement. Unlike the cases cited by the plaintiff there was no disputed factual issue in this case as to whether the plaintiff had ceased being a passenger. The defendant admitted her status as a passenger in its pleadings and argument, and all of the testimony corroborated this fact. Furthermore, another instruction advised the jury that the defendant owed a duty to its passengers to exercise the highest degree of care. No other standard of care was submitted to the jury. Still another instruction informed the the jury that the plaintiff claimed that the defendant

was negligent in operating its bus while the plaintiff was in the act of alighting and that the defendant denied being negligent. Thus the jury was apprised of the respective theories of the parties and there was no suggestion that the plaintiff might not have been a passenger. The evidence amply warrants the verdict and there is no reason to believe that the verdict would have been different if the instruction had been given. While the court might well have given the tendered instruction we do not think its exclusion was prejudicial. Where no prejudice has been shown the refusal to give an instruction cannot be deemed reversible error. Farmer v. Davis, 289 Ill 392, 124 NE 640. Campbell v. Ragel, 7 Ill App2d 301, 129 NE2d 451.

██ The plaintiff also argues that the court erred in refusing to give an instruction defining circumstantial evidence. Not only was her proffered instruction clearly inapplicable under the evidence in this case which consisted of the direct testimony of six eyewitnesses (Coffin v. Chicago City Ry. Co., 251 Ill App 169; McKinney v. Illinois Power Co., 26 Ill App2d 193, 167 NE2d 249), but furthermore the plaintiff did not object to the court's rejection of the instruction in her post-trial motion.

██ The same is also true about two allegedly improper remarks made by defense counsel. One concerned the failure of the plaintiff to call a certain physician as a witness and the other was that the plaintiff's lawyers "got in touch" with her at the hospital. Neither remark was specifically set forth in the plaintiff's post-trial motion and objection to them cannot be raised now on appeal. Ill Rev Stats 1963, c 110, § 68.1(2); Lawler v. Pepper Const. Co., 33 Ill App2d 188, 178 NE2d 687.

██ A third remark complained about was included in the post-trial motion, but it was not objected to at the time it was made. This comment pertained

to the plaintiff's employer not being produced as a witness in her behalf. The general rule is that improper remarks by counsel are waived for appeal purposes unless a timely objection is made to them. City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766. The plaintiff nevertheless cites Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449, where this court reversed a judgment for the defendant on several grounds including improper argument by the defense attorney even though no objection had been made by opposing counsel. In that case we pointed out that when an argument is so unwarranted and so seriously prejudicial that it calls for intervention by the court, the usual rule that objection must be made to improper argument does not apply. Handler v. Eckhouse, 45 Ill App2d 382, 195 NE2d 838; Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249. The argument here was not of this character.

■■ The final assignment of error pertains to the refusal of the court to admit certain exhibits into evidence. Two of these were photographs of the plaintiff's knee taken subsequent to the accident and the others were hospital bills paid by the plaintiff. These exhibits related entirely to the issue of damages and it must be presumed, in view of the verdict of not guilty, that the jury did not reach this issue. Olofsson v. Wood, 23 Ill App2d 32, 161 NE2d 681. Even if the exclusion of the exhibits was improper, the error would not be reversible inasmuch as the issue of liability was decided adversely to the plaintiff. Vischer v. Northwestern El. R. Co., 256 Ill 572, 100 NE 270. The plaintiff, however, makes the argument that the exclusion itself was prejudicial because the jury could have inferred from the court's ruling that she was not to be believed. In effect the plaintiff is arguing that a refusal by the court of an offer of evidence reflects upon the character of the offerer. This would be an

53

unique and capricious test of prejudice. The mere admission or exclusion of evidence cannot be said to affect the credibility to be given the offerer.

There is no error of law in this record which requires reversal and the judgment is affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.