(No. 39995.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* HAROLD E. DIXON *et al.,* Appellants.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

PHILIP W. TONE and DONALD R. HARRIS, of Chicago, and A. F. MELVIN, CHARLES D. WINTERS, and R. W. HARRIS, all of Marion, (RAYMOND, MAYER, JENNER & BLOCK, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS and RICHARD E. QUINN, Special Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole question here, preserved for review by appropriate objection in the trial court, is which party has the right to open and close arguments to the jury in an eminent domain proceeding following a "quick-take" by the Department of Public Works and Buildings under the provisions of the Eminent Domain Act. (Ill. Rev. Stat. 1961, chap. 47, par. 1 *et seq.*) The Department appealed from a judgment on the verdict of $4500 for land taken and $12,000

for damage to land not taken. The Appellate Court, Fifth District, reversed on the ground that the trial court erred in granting defendants the right to open and close (68 Ill. App. 2d 106), and we granted leave to appeal.

The Department filed its petition for condemnation of various tracts with several ownerships, including approximately 17½ acres owned by defendants Donald and Doris Frey for right of way and creek channel changes, together with a motion for immediate vesting of title. After due notice and hearing, an order was entered finding that petitioner had authority to exercise the right of eminent domain, that the property is subject to the exercise of such right, that the right is not being improperly exercised and that a reasonable necessity exists for the taking. Following an appraisal a further order finding the amount of preliminary compensation for land taken and damage to land not taken was filed, and defendants filed a cross petition for damages to land not taken. The Department deposited the amount of preliminary compensation plus 25% and an order was entered vesting title. At the close of the evidence on the hearing to ascertain the amount of just compensation, the trial court granted defendants' motion to open and close the argument to the jury.

It is more than eighty years since this court had occasion to speak on the subject of the right to open and close argument in an eminent domain case. *McReynolds* v. *Burlington and Ohio River Railway Co.*, 106 Ill. 152, held that the condemnor had the right to open and close. The court in *South Park Commissioners* v. *Trustees of Schools*, 107 Ill. 489, reiterated that view and held it to be reversible error where the trial court permitted the defendant to open and close. But those cases were decided long before the 1957 "quick-take" amendment which radically changed highway condemnation procedure by the State.

There is a wide divergence of opinion among other jurisdictions on this subject, (see anno. 73 A.L.R. 2d 618),

which existed prior to, and was recognized in, *McReynolds* and *South Park*. We are not called upon to review the general application of those precedents and see no purpose in so doing. The narrow issue here presented is the effect, if any, of the "quick-take" amendment on the right to open and close argument.

The rationale of the *McReynolds* and *South Park* cases was that since the condemnor would be defeated if no evidence were introduced on either side the condemnor had the burden of going forward with the evidence and the right to open and close argument. The *South Park* opinion remarked upon the constitutional necessity of providing for payment of compensation before taking and recognized that a different rule could exist by saying, "If a petitioner could take the land upon the payment of nominal damages, perhaps a different rule might prevail; * * *." (107 Ill. 489, 493.) In this case all prerequisites had been met. The court found that authority to condemn existed, that the property was the subject of the right which was being properly exercised and that the necessity for taking existed. Its order to that effect was final and appealable under section 2.2(b) of the Eminent Domain Act. There had been a preliminary finding of compensation for land taken and of damage to the remainder not taken and a deposit had been made. Thus, the underlying reason for the rule was not present. The Department not only had possession of the land taken, but had built the improvements by the time of the final trial. It was prohibited from dismissing the petition or abandoning the proceeding without the consent of all parties under section 2.8 of the Act. The only thing remaining for final determination was the amount of damages. While petitioner has the burden of proving fair cash value of the property to be taken (*County of Cook* v. *Holland*, 3 Ill.2d 36), the landowner bears the burden for damage to the remainder not taken. *Department of Public Works and Buildings* v.

*Bloomer,* 28 Ill.2d 267; *Central Illinois Electric and Gas Co.* v. *Scully,* 17 Ill.2d 348.

The fact that damage to land not taken was concededly greater than the value of the land taken is not a controlling factor. We are of the opinion, however, that in a condemnation proceeding following the immediate vesting of title (quick-take) the condemnee should have the right to open and close argument. It is he who is seeking just compensation guaranteed to him by the constitution for property over which he has unwillingly lost possession and control and for damages to his remaining land not taken.

The appellate court was apparently sympathetic with this view and indicated that its ruling was under compulsion of the earlier holdings of this court. Both parties concede that in the event of a reversal of the appellate court, the cause must be remanded for determination of the other issues raised but not passed on.

The judgment of the Appellate Court, Fifth District, is reversed and the cause is remanded to that court for disposition of the remaining issues.

*Reversed and remanded, with directions.*