120 Ill. App.2d 95 (1970)
256 N.E.2d 124
The Department of Public Works and Buildings of the State of Illinois, for and in Behalf of the People of the State of Illinois, Petitioner-Appellee,
v.
Herbert Tinsley, Helen Tinsley, Donna Lee Turner, Loren F. Turner, Ramona June Kelley, James Roy Kelley, Harvey W. Randall, Grace Randall, Curtis W. Gillespie, d/b/a Belle Rive Mining Co., and Belle Rive Mining Co., a Corporation, Defendants-Appellants.
Gen. No. 68-139.
Illinois Appellate Court  Fifth District.
February 11, 1970.
*96 Dowell & Dowell, of Mt. Vernon, for appellants.
William J. Scott, Attorney General of State of Illinois, of Chicago (Harold G. Andrews and G.W. Howard, III, Special Assistant Attorneys General, of counsel), for appellee.
GOLDENHERSH, J.
Defendants appeal from the judgment of the Circuit Court of Jefferson County entered upon a jury verdict *97 in an action to condemn land for use in the construction of Interstate Route 57 north of Mt. Vernon.
In this action petitioner acquired fee simple title, except for certain coal, oil, gas and mineral rights, to two parcels of land comprising, respectively, 9.2 and 6.4 acres, and an easement for construction purposes upon a parcel comprising 2.54 acres. The easement terminates upon completion of the construction project, or three years from June 30, 1967, whichever is earlier. The land condemned is part of a 189 1/2-acre tract owned by defendants Herbert and Helen Tinsley. Defendants Ramona June Kelley, James Roy Kelley, Donna Lee Turner and Loren F. Turner own undivided interests in the minerals. Defendants Curtis W. Gillespie, d/b/a Belle Rive Mining Company, Belle Rive Mining Co., a corporation, Harvey W. Randall, and Grace Randall are lessees under mineral leases entitling them to mine and remove the limestone underlying the premises.
Subsequent to the filing of the petition, by a "quick take" proceeding (c 47, § 2.1 et seq., Ill Rev Stats), petitioner took title to and possession of the two parcels, and the easement on, and possession of the third. Defendants filed cross-petitions alleging damages to the remainder of the parcel.
Prior to commencement of the trial, defendants, relying upon Department of Public Works and Buildings v. Dixon, 37 Ill.2d 518, 229 NE2d 679, moved for the right to open and close argument. The trial court ruled "That the defendants having the right to open and close must under the ruling of the Dixon case go forward with the proof of the valuation of the land to be taken as well as the amount of damages to the land not taken and the defendants will also have the right to first question the jurors after tendered by the court to the parties." Defendants contend that they were entitled to open and close argument, and in requiring them to go forward *98 with their case from voir dire to close or forego the right to open and close final argument, the circuit court committed prejudicial error.
In its opinion in Dixon the Supreme Court discussed South Park Com'rs v. Trustees of Schools, 107 Ill. 489, in which case the Supreme Court reversed the judgment of the circuit court on the ground that it had erred in permitting the owner of the land to open and close the case both in the introduction of evidence and on argument to the jury. In Dixon the question presented was much narrower, in that the motion to open and close argument came at the close of the evidence, and no issue arose as to the order of interrogation of jurors or introduction of evidence. The Supreme Court did not, therefore, decide the question which now confronts us.
In Liptak v. Security Benefit Ass'n, 350 Ill. 614, 183 NE 564, the Supreme Court, at page 618, said: "The right to open and close is a substantial right coexistent with the burden of proof and is corollary thereto. Whenever the plaintiff has anything to prove in order to secure a verdict the right to open and close belongs to him. It is generally held that the right to open and close is not a matter resting merely in the discretion of the trial judge, but is a substantial right in the person who must introduce proof to prevent judgment against him. The party who asserts the affirmative of an issue is entitled to begin and reply. (Citing cases.)"
In its opinion (37 Ill.2d 518, 229 NE2d 679) at page 520 the Supreme Court said "While petitioner has the burden of proving fair cash value of the property to be taken (County of Cook v. Holland, 3 Ill.2d 36), the landowner bears the burden for damage to the remainder not taken. Department of Public Works and Buildings v. Bloomer, 28 Ill.2d 267; Central Illinois Electric and Gas Co. v. Scully, 17 Ill.2d 348."
*99 We are uncertain whether this indicates agreement with the Committee's Comments found at page 175 of the 1965 Additions and Revisions to Illinois Pattern Jury Instructions where it said: "An analysis of the decisions stating that the condemnor has the burden of proving the value of the land actually taken, e.g., Department of Public Works & Bldgs. v. Bloomer, 28 Ill.2d 267, 270, 191 NE2d 245, 248 (1963), indicates that in using the term, `burden of proof,' the courts mean only the duty to introduce competent evidence of value. No Illinois case places a burden upon the condemnor to persuade the jury that its evidence of market value is more probably true than not true or that a particular value must be proved by a preponderance or greater weight of the evidence. An Ohio court has specifically considered the problem and stated: `It has been established in Ohio that with reference to compensation for land taken there is no burden of proof.' In re Appropriation by the Director of Highways, 120 Ohio App 273, 201 NE2d 889 (1963).
"A condemnation proceeding differs from the ordinary civil action. The nature of the evidence introduced and the verdict that can result demonstrate the inappropriateness of an instruction on burden of proof such as IPI 21.01."
We note further that in IPI instructions 300.31 and 300.32 the burden of proof with respect to damage to land not taken is placed upon the landowner in language almost identical to the burden of proof instruction to be used in other civil cases. (IPI 21.01.)
Supreme Court Rule 233 provides:
"The parties shall proceed at all stages of the trial, including the interrogation of prospective jurors, opening and closing statements, the offering of evidence, and the examination of witnesses, in the order in which they appear in the pleadings unless otherwise agreed by all parties or ordered by the *100 court. In consolidated cases, third party proceedings, and all other cases not otherwise provided for, the court shall designate the order."
[1] In our opinion the proper interpretation of the holding in Dixon is that if the landowner avails himself of the right to open and close he must do so at all stages of the trial. Defendants argue that requiring them to go forward with their evidence was prejudicial in that it deprived them of the advantage of cross-examination of plaintiff's witnesses prior to putting on their own, but any additional burden which this imposed is compensated for in the right to offer rebuttal. The trial court did not err in its ruling.
[2] Defendants next contend the trial court erred in giving plaintiff's instruction No. 4 in the form of 300.59 and 300.60, combined and modified. Defendants argue the instruction is not applicable to the leases here involved for the reason that the payments provided for are in the nature of mineral royalties and not rentals. Such further modification of the instruction might have been desirable, but in view of the verdict and the other instructions we do not see how defendants were prejudiced by the instruction as given.
[3] Defendants contend the court erred in refusing their instruction No. 7. It correctly states the abstract proposition of law therein contained and is similar to the type of instruction referred to in IPI 2.09, 2.10 and 300.03. The Committee recommends against giving this type of instruction, defendants tendered and the court gave an instruction in the form of IPI 2.01, and refusal of the instruction was not error.
[4] Defendants contend the court erred in refusing to give their tendered instruction No. 8 which reads:
"You are instructed that where there are mineral deposits, such as limestone, in land, the existence *101 of such minerals is appropriately considered insofar as the value of the land is influenced thereby.",
arguing that under Department of Public Works and Buildings v. Oberlaender, 92 Ill. App.2d 174, 235 NE2d 3 (affirmed 42 Ill.2d 410, 247 NE2d 888) the tendered instruction correctly states the law. Defendants tendered and the court gave an instruction in substantially the form of IPI 300.84. This instruction correctly stated the law and there was no reason to single out, as does the tendered instruction, a single element for consideration by the jury. The court correctly refused the instruction.
[5] Defendants argue alleged errors in admitting the testimony of plaintiff's witness, Jundt. We have examined the transcript of his testimony and the post-trial motion, and find that the errors urged here are not preserved either by objection at the trial or in the post-trial motion and will not, therefore, be further considered.
[6] Defendants attached to their post-trial motion the affidavit of a juror quoting the statement made by another juror during the jury's deliberations. Defendants contend the affidavit shows the juror to have been prejudiced against the defendants Randall and to have answered falsely the questions put to her on voir dire as to whether she knew the defendants and was in any manner prejudiced against them. They argue that the trial court refused to consider the affidavit and erroneously denied them a new trial.
The rules applicable to the question presented are stated in Department of Public Works and Buildings v. Christensen, 25 Ill.2d 273, 184 NE2d 884. From our examination of the record we conclude that defendants have failed to establish either that the juror answered falsely or that prejudice resulted. The trial court did not err in denying a new trial.
*102 For the reasons set forth, the judgment of the Circuit Court of Jefferson County is affirmed.
Judgment affirmed.
MORAN and EBERSPACHER, JJ., concur.