(No. 44867.—

THE DEPARTMENT OF BUSINESS AND ECONOMIC DEVELOPMENT, Appellee, v. ANDREW BRUMMEL *et al.*—(Chicago Title & Trust Co., Trustee, *et al.,* Appellants.)

*Opinion filed October 2, 1972.*

FARRELL & EDGERTON, of West Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and CALVERT J. GORDON, Special Assistant Attorney General (FRANK S. RIGHEIMER, JR., Special Assistant Attorney General, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a condemnation action instituted by the Department of Business and Economic Development of the State of Illinois (Department) to acquire property of the appellant-landowner for the United States Atomic Accelerator site located in Du Page County. The Department acquired title to the property by the use of

quick-take proceedings under the Eminent Domain Act. Ill.Rev.Stat. 1967, ch. 47, pars. 2.1 through 2.10.

The petition filed by the Department involved the taking of 45.06 acres of land. The landowner filed a cross-petition alleging damages to the remainder of the property. The jury returned a verdict of $86,950 as the value of the land taken, and awarded nothing as damages to the remainder. The appellate court (1 Ill.App.3d 683) affirmed the judgment entered on the verdict and we granted leave to appeal.

Prior to trial the Department moved that the landowner be required to proceed first at all stages of the proceedings. The landowner objected and informed the court that he did not desire to proceed first at any stage of the proceedings. Nevertheless, the court granted the Department's motion and the landowner was required to so do. The appellate court found that the trial court erred in requiring the landowner to open and close at all stages, but stated it was unable to see that the landowner was prejudiced thereby.

Although there is a divergence of opinion among the various jurisdictions as to who shall have the right or be required to proceed first in a condemnation case (see 73 A.L.R. 2d 618), it has been the rule in this State that the condemnor has the burden of going forward with the evidence and the right to open and close argument. (*McReynolds v. Burlington & Ohio River Ry. Co., 106 Ill. 152; South Park Commissioners v. Trustees of Schools, 107 Ill. 489.*) In *Department of Public Works and Buildings v. Dixon, 37 Ill.2d 518,* this court altered this established rule and held that a landowner, in a proceeding in which title had vested in the condemnor by use of the quick-take statute and in which damages to property not taken were claimed by the condemnee, had the right to open and close argument.

In *Department of Public Works and Buildings v. Tinsley, 120 Ill.App.2d 95,* the court interpreted *Dixon* as

holding that if the landowner avails himself of the right to open and close he must do so at all stages of the proceeding. In *Tinsley,* as in *Dixon,* there had been a quick-take vesting of title and a cross-petition by the condemnee for damages to property not taken.

In the recent case of *Department of Public Works and Buildings v. Hanna, 4 Ill.App.3d 884, 282 N.E.2d 269,* where there had been no quick-take proceeding but a claim for damages to property not taken, the appellate court held that if the landowner had a right to open and close argument, he waived it by permitting the condemnor to go forward with the evidence. The court held that it was error for the trial court to thereafter permit the landowner to open and close argument to the jury.

*Dixon* and *Tinsley* do not hold that the condemnee *must* proceed first, but only extend to him the option of doing so following a quick-take vesting of title and a cross-petition for damages to the remainder. The order of the trial court in this case compelling the landowner to proceed first was error. We are unable to say the landowner was not prejudiced thereby. The error was not a single erroneous ruling of the trial court the effect of which is readily discernible, but was of such magnitude as to reverse the entire presentation of the case. The landowner who unwillingly was forced to give up his land had prepared his case on the assumption that the condemnor would proceed first. On the day of the trial he learned that he must assume the burden of going forward with evidence as to the value of the land. It is this unexpected switch in the role which the landowner was required to play, from one who could assume a defensive position to one who is compelled to go forward with evidence of value, which we must consider prejudicial. This is especially so since he had prepared his case for the former role.

In view of the various interpretations of *Dixon* by the appellate court in *Tinsley, Hanna* and this case, it is apparent that a restatement and clarification of this court's

position with regard to the general problem is in order. There is no reason why the rule announced in *McReynolds* and *South Park* should not continue in condemnation cases where there has been no vesting of title in the condemnor under the quick-take statute and where there has been no cross-petition for damages to property not taken. In these situations the condemnor should open and close at all stages.

Also, when the title has vested in the condemnor under the quick-take statute and there has been no cross-petition for damages to the remainder, there is no valid reason why the burden of going forward should shift to the condemnee. It is at this point that the trial judge in this case misconceived the nature of a quick-take proceeding. He stated, in response to the landowner's objection to proceeding first, that "the respondent goes first because the burden is upon him to establish that the value is greater than that which was fixed at the time of the quick-take."

A quick-take vesting of title should not shift the burden of going forward. The issue presented to the jury is the same whether or not the quick-take statute has been employed. That issue is the fixing of just compensation. The preliminary finding of just compensation by the court under section 2.2(c) of the Eminent Domain Act in no way affects the subsequent determination by the jury, and indeed under the statute may not be disclosed in any manner to the jury. It is an interlocutory determination and is not appealable. (*Department of Public Works and Buildings v. Dust, 19 Ill.2d 217.*) It is a procedure designed by the legislature to provide the owner with adequate assurance of the full payment of just compensation and to meet the constitutional objections to the immediate vesting of title without providing for payment in full of just compensation. (*Department of Public Works and Buildings v. Gorbe, 409 Ill. 211; Department of Public Works and Buildings v. Butler Company, 13 Ill.2d 537.*)

Furthermore, if the landowner withdraws from the clerk's office the amount of the preliminary determination of just compensation, and this amount is in excess of the ultimate award of the jury, the excess amount withdrawn must be refunded by the landowner. (Pars. 2.4 and 2.7.) In light of these provisions of the statute, the determination of just compensation remains with the jury and the same reason exists for placing the burden of going forward on the petitioner as exists in all normal condemnation proceedings.

However, when the landowner files a cross-petition for damages to property not taken, the situation changes, whether or not there had previously been a quick-take proceeding. The case then resembles a civil action in which there is a complaint and a counterclaim, and the practice in regard to civil actions should apply.

Our Rule 233 provides: "The parties shall proceed at all stages of the trial including the interrogation of prospective jurors, opening and closing statements, the offering of evidence, and the examination of witnesses, in the order in which they appear in the pleading unless otherwise agreed by all parties or *ordered by the court* ***." (Emphasis added.)

We think the provisions of this rule present a workable solution to the problem of who proceeds first in the condemnation case. If the landowner files a cross-petition for damages to property not taken and desires to proceed first at all stages of the trial he may file a timely motion to this effect prior to trial. Under the authority of our Rule 233 the court in the exercise of sound judicial discretion may order him to so proceed.

Since we are reversing and remanding this case for the above reason, it is not necessary for us to pass on other points raised by the appellants. However, since this case will have to be retried, another objection warrants our comment. The landowner complains of conduct of counsel for the Department. An examination of the record reveals

that the conduct of counsel was indeed beyond the bounds of propriety. We feel that the continued interruptions and gratuitous remarks added nothing but confusion to the trial and impeded the proper presentation of evidence by the landowner. We trust that upon retrial this conduct will not be repeated.

*Reversed and remanded.*