JEROME SOMMER, a Minor, by Vincent Sommer, His Father and Next Friend, Plaintiff-Appellant, v. THE CITY OF TAYLORVILLE, Defendant-Appellee.

Fifth District   No. 77-1

Opinion filed May 9, 1978.

G. MORAN, J., specially concurring.

Robert Weiner, of Springfield and George J. LaCharite, of Pana, for appellant.

Richard G. Hershey and Ronald W. Periard, of Hershey, Bliss, Beavers, Periard & Romano, of Taylorville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Jerome Sommer, brought suit through his father and next friend, Vincent Sommer, to recover for personal injuries sustained in a diving accident at Lake Taylorville. The father of Jerome Sommer brought suit for medical expenses incurred by reason of the injury. At the time of trial the complaint consisted of three counts, one for negligence with a prayer for damages in the amount of the limits of a policy of liability insurance ($100,000), a second charging the city with wilful wanton misconduct and praying for a judgment for $750,000, and a third by the father of plaintiff for medical expenses which prayed for judgment in the amount of $10,000. The jury returned a verdict for plaintiffs and

awarded damages of $66,453.89 to Jerome Sommer for his injuries and $9,546.11 to the father for his out of pocket medical expenses. It is to be noted that the sum of the two judgments is an even $76,000. This appeal is brought on the issue of damages only. The plaintiff contends that the award of damages was palpably inadequate and unfair.

■■ There is no dispute as to the applicable rules of law in the instant case. When a verdict in favor of a plaintiff is fully supported by the evidence on the issue of liability but the damages awarded are inadequate, a new trial may be ordered on the issue of damages alone. (*Paul Harris Furniture Co. v. Morse*, 10 Ill. 2d 28, 139 N.E.2d 275; *Mineiko v. Rizzuto,* 65 Ill. App. 2d 35, 212 N.E.2d 712.) An additional requirement which must be met before a new trial can be granted on the issue of damages only is that the damage issue be so separable and distinct from the issue of liability that a trial of damages alone may be had without injustice. (*Gainer v. Bates,* 14 Ill. App. 3d 297, 302 N.E.2d 463; *Brunner v. Slupe,* 8 Ill. App. 3d 924, 290 N.E.2d 327.) However, a finding of inadequate damages does not automatically support the award of a new trial as to damages only. Where it appears that the damages awarded were a result of a compromise on the issue of liability, to retry the case could impose an injustice on the defendant. (*Kelty v. Wiseman Construction Co.,* 38 Ill. App. 3d 808, 349 N.E.2d 108; *King v. City of Chicago,* 53 Ill. App. 2d 484, 202 N.E.2d 839.) To test whether a verdict resulted from a compromise on the question of liability it must be determined if the verdict on the issue of liability was supported by the evidence. (*Kelty v. Wiseman Construction Co.*) The evidence of liability must be so clear that there is no real issue on this point for a second jury to try. *Gainer v. Bates.*

Plaintiff contends that the liability of the city was clearly established by the evidence in that the city was shown to be negligent, and plaintiff was shown to be free from contributory negligence; that the issues of damages and liability were obviously separable by reference to special interrogatories completed by the jury, and that the damages awarded were palpably inadequate in light of the serious and permanent nature of plaintiff's injuries.

Defendant replies that the verdict on liability is not supported by the evidence, is obviously the product of a compromise by the jury, and that in any case the award of damages is adequate, although not generous, in view of the paucity of evidence concerning plaintiff's earnings before the accident and the evidence of plaintiff's acquisition of new job skills following the accident.

■■ From our review of the record we have concluded that the verdict was the result of a compromise by the jury between the question of liability and the amount of damages. As in *Gainer v. Bates,* we think the

jury found the defendant negligent out of sympathy for the injuries of plaintiff but gave him less money than it would have had he not been contributorily negligent.

Plaintiff was permanently injured when he dove head first from a tree stump into Lake Taylorville. The plaintiff was age 19 at the time of the accident and thus was old enough to exercise independent judgment. He had observed a "No Swimming" sign prior to diving and should have been aware that he proceeded at his own risk. Plaintiff selected the stump from which he dove. Prior to diving he had not seen anyone else dive from this stump either that day or on previous visits to the lake. Thus he should have realized that he had no basis on which to judge the safety of a dive from that location. Plaintiff's theory at trial was that he dove from the stump near the shoreline and hit his head on one of two stumps under the water at the bottom of the lake. However, one stump was 14½ feet and the other 16 feet horizontally from the stump from where he dove. This physical evidence renders plaintiff's theory doubtful. Additionally, there was testimony from the attending physician that plaintiff told him, on the day of the accident that he had hit his head on the "shallow-sandy bottom." This physician also testified that he found dirt and sand embedded in the wound on plaintiff's head, not wood splinters or fragments. Such contradictory evidence from a disinterested source throws doubt on the credibility of plaintiff's trial testimony regarding the occurrence. Similarly impeaching was the testimony of a survey engineer that he had no difficulty locating the stumps under water while plaintiff and three friends testified that they walked in the area on the day of the accident and found no obstruction on the bottom. Finally, we think that the presence of one stump, which could be made to serve as a diving platform, should alert a diver to the possibility of the presence of other stumps which would constitute a danger for the wary to observe.

■■ The freedom from contributory negligence of plaintiff is not so clear that there is no real issue on this point for a second jury to try. (*Brunner v. Slupe; Gainer v. Bates.*) We decline to grant a new trial on the issue of damages only. "[I]f the verdict is a compromise between a plaintiff's damages and his own negligence [i]t would be unfair to permit a new trial on the question of damages alone and force a defendant to trial with the issue of negligence foreclosed to him when the verdict against him on that issue was unjustified." *Gainer v. Bates*, 14 Ill. App. 3d 297, 299.

As this conclusion is dispositive of the question of granting a new trial on the issue of damages only it is unnecessary to consider the additional points raised by plaintiff and defendant on this topic.

■■ Plaintiff also argues that certain remarks of counsel for the city were prejudicial and adversely affected the award of damages. These remarks were not objected to at trial and were not specifically set forth in the post-

trial motion and therefore are not preserved for appeal. *Department of Public Works & Buildings v. Tinsley*, 120 Ill. App. 2d 95, 256 N.E.2d 124; *Kortlander v. Chicago Transit Authority*, 56 Ill. App. 2d 48, 205 N.E.2d 516.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE MORAN, specially concurring:

I concur under the rationale of *Robbins v. Professional Construction Co.*, 45 Ill. App. 3d 524, 359 N.E.2d 1121.