THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, v. CHARLES BEESON *et al.*, Defendants-Appellants.

Second District    No. 2—84—0662

Opinion filed November 4, 1985.

Donald T. Morrison, of Donald T. Morrison & Associates, of Waukegan, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roy E. Frazier, Assistant Attorney General, of Springfield, and John T. Mitchel, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HOPF delivered the opinion of the court:

On April 17, 1980, plaintiff, Department of Transportation, filed a petition to condemn certain land located at or near the intersection of Waukegan Road and Route 22 in Lake County. Among the parcels of

land to be acquired were parcels 105 and 113, which are the subject matter of this appeal. The defendants-owners of these parcels are Allen S. Pesmen, American National Bank & Trust Company of Chicago, and Bannockburn Lake Office Plaza. Pursuant to section 7—103 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 7—103), which provides for a quick-take procedure, legal title to parcels 105 and 113 became vested in the plaintiff. The plaintiff deposited $52,360 for parcel 105 and $7,500 for parcel 113. Defendants filed a cross-petition alleging damage to the remainder of both parcels.

Following a jury trial a verdict was returned: $60,500 for parcel 105, with no damage to remainder, and $9,000 for parcel 113 with no damage to the remainder. After the defendants' post-trial motion was denied, the defendants filed a timely notice of appeal. We reverse and remand.

The defendants raise two assignments of error in this court: (1) that the valuation witnesses should have been allowed to state the sales prices of comparable sales under Federal Rules of Evidence 703 and 705; and (2) that the plaintiff's closing argument violated its own motion *in limine*. Due to our ruling on the first issue we will not deal with the second issue.

Prior to trial, the plaintiff filed a motion *in limine* to preclude the valuation witnesses from testifying to the dollar amounts of comparable sales they considered in arriving at their opinions of value. The defendants argued that the adoption of Rules 703 and 705 of the Federal Rules of Evidence (Fed. R. Evid. 703 and 705) in *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140, now makes such testimony admissible. The trial court found *Wilson* inapplicable to the present case and granted the plaintiff's motion *in limine*. Immediately following the defendants made an offer of proof.

The defendants elected to proceed first and called two valuation witnesses to testify. William A. McCann, M.A.I., a professional real estate appraiser, testified that the value of parcel 105 at $3.75 per square foot was $100,500, and that there would be damage to the remainder in the amount of $158,500. He relied upon the sales of the property contained in the offer of proof by the defendants' attorney prior to trial but was not asked to state the sales price for these properties. McCann testified that the value of parcel 113 was $9,000 and that there was damage to the remainder in the amount of $90,000. Arthur Sheridan, another real estate appraiser, testified that the value of parcel 105 was $107,322, with damage to the remainder in

the amount of $173,000. He also relied upon the sales referred to in the offer of proof made by the attorney for defendants prior to trial but without stating the sales prices. Mr. Sheridan testified that the value of parcel 113 was $9,147, with damage to the remainder in the amount of $100,000.

The plaintiff presented two valuation witnesses. Neil King, a real estate appraiser, testified that the value of parcel 105 was $1.75 per square foot or $47,000. He found no damage to the remainder. King testified that the value of parcel 113 was $7,650 and also found no damage to the remainder as to that parcel. James Curtis, another real estate appraiser, testified that the value of parcel 105 was $47,000 with no damage to the remainder, and the value of parcel 113 was $7,600 with no damage to the remainder.

The jury returned the verdicts as heretofore stated. A judgment order was entered in the case, the defendants filed a post-trial motion. The trial court denied the post-trial motion, and this appeal followed.

The defendant argues that the case of *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140, altered the rule of judicial discretion in the admissibility of comparable sales. In *Wilson* the Illinois Supreme Court adopted Rules 703 and 705 of the Federal Rules of Evidence (84 Ill. 2d 186, 196). Rule 703 states:

> "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon a subject, the facts or data need not be admissible in evidence." Fed. R. Evid. 703.

Rule 705 states:

> "The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." Fed. R. Evid. 705.

■ The defendant claims that since *Wilson* did not limit the application of Rules 703 and 705 to any particular type of case, the Rules should be applied to the testimony of valuation witnesses, with the result being that all sales considered by valuation witnesses now are admissible. We agree. This is the approach employed by the Federal courts. (See, *e.g., United States v. Featherston* (10th Cir. 1963), 325 F.2d 539; *United States v. Johnson* (9th Cir. 1960), 285 F.2d 35;

*United States v. 1,014.16 Acres of Land* (W.D. Mo. 1983), 558 F. Supp. 1238, *aff'd* (8th Cir. 1984), 739 F.2d 1371.) The Illinois Appellate Court has recently applied Rules 703 and 705 to the testimony of an accident reconstruction expert in *Coffey v. Hancock* (1984), 122 Ill. App. 3d 442, 461 N.E.2d 64. See also *J.L. Simmons Co. v. Firestone Tire & Rubber Co.* (1984), 126 Ill. App. 3d 859, 866, 467 N.E.2d 327 (workers' compensation case, a vocational counselor testifying as to employability).

The plaintiff claims that the *Wilson* decision and the adoption of Rules 703 and 705 do not alter the existing Illinois law for two reasons. First, it argues that courts have held that valuation witnesses are not expert witnesses. (See *Trunkline Gas Co. v. O'Bryan* (1960), 21 Ill. 2d 95, 98-99, 171 N.E.2d 45; *Illinois Power & Light Corp. v. Talbott* (1926), 321 Ill. 538, 543, 152 N.E. 486; *Geohegan v. Union Elevated R.R. Co.* (1915), 266 Ill. 482, 488-89, 107 N.E. 786.) If valuation witnesses are not considered experts, then there is no question that Wilson is inapplicable to the present case. We believe, however, that although any lay person can give his or her opinion of value, real estate value expertise does in fact exist. Furthermore, Rule 702 of the Federal Rules of Evidence states, in relevant part, that a witness may be qualified as an expert by "knowledge, skill, experience, training, or education \*\*\*." (Fed. R. Evid. 702.) Surely, this definition of experts can include valuation witnesses.

Second, the plaintiff argues, that with respect to Rule 703, no uniform standard exists which is "of a type reasonably relied upon by experts in the particular field in forming opinions \*\*\*," specifically in the appraisal field. (Fed. R. Evid. 703.) This restriction of Rule 703 was created to lessen the fear "that enlargement of permissible data may tend to break down the rules of exclusion unduly \*\*\*." (28 U.S.C.A. R. 703, Notes of Advisory Committee on Proposed Rules, at 98 (1984).) We disagree with the plaintiff's argument. The rule only requires that the facts or data be of a type reasonably relied on. It is common knowledge that valuation witnesses routinely consider different comparable sales when determining the value of a particular piece of property. There is no requirement in the rule that a uniform standard exists. The ultimate decision of comparability rests with the trier of fact. Although more responsibility will be placed on a jury if more evidence is admitted than traditionally, a juror should be able to synthesize the information he or she received in order to understand the differences between the proffered sales and the subject property.

In conclusion, we believe that Federal Rules of Evidence 703 and 705 should be applied to the valuation testimony of comparable

sales. The Illinois Supreme Court did not restrict their application, and the rules, themselves, clearly allow such evidence. The application of these rules to valuation testimony would further the purpose of the rules, which is "to broaden the basis for expert opinion beyond that current in many jurisdictions and to bring the judicial practice into line with the practice of experts themselves when not in court." (28 U.S.C.A. R. 703, Notes of Advisory Committee on Proposed Rules, at 98 (1984).) Consequently, we believe that the trial court erred in not applying *Wilson v. Clark* to this eminent domain proceeding and that, therefore, this cause should be reversed and remanded for a new trial.

Reversed and remanded.

UNVERZAGT and SCHNAKE, JJ., concur.