THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiffs-Appellees, v. FIRST NATIONAL BANK OF ARCOLA, Trustee, Defendant-Appellant (William S. Moser *et al.*, Defendants).

Fourth District   No. 4—92—0650

Opinion filed February 25, 1993.

Hatch, Blockman, McPheters, Fehrenbacher & Lyke, of Champaign (Brian L. McPheters, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Michael J. Luke, Assistant Attorney General, of Chicago, and Catherine H. Barbercheck, Special Assistant Attorney General, of Champaign, of counsel), for appellees.

JUSTICE LUND delivered the opinion of the court:

Defendant First National Bank of Arcola, trustee under a land trust, appeals an order of the circuit court of Champaign County rendered pursuant to a jury verdict in a consolidated action for condemnation of two separate parcels of land. The Department of Transportation (DOT) had exercised its "quick-take" procedures, and the sole issue before the jury was the determination of just compensation. The verdict included compensation for land taken, as well as an award for damages to the remaining land in each parcel that was not taken. An award for a temporary construction easement was made for one of the two parcels involved. Defendant contends the trial court erred in (1) denying its motion to proceed first at all stages of the trial, and (2) in striking certain comparable land sales relied upon by defendant's valuation expert in formulating his opinion of the value of the land being condemned. We affirm.

I

On January 16, 1986, DOT filed two separate condemnation actions pertaining to parcel No. 5354011 (parcel 11) and parcel No. 5354017 (parcel 17). The condemnation action was brought as part of improvements to FA Route 808 on the east side of Urbana, in which Route 130 was rerouted over what had formerly been known as High Cross Road from Myra Station to the point where the same intersected with Route 150. Defendant filed a cross-petition on February 24, 1986, alleging damages to the remainder of parcel 17. No cross-petition was filed regarding parcel 11. Subsequently, the condemnor filed a motion to consolidate both cases and this motion was allowed pursuant to agreement of the parties. Defendant then moved to be granted the right to open and close all stages of the proceeding. This motion was denied at a hearing held one week prior to trial.

Defendant cites *Department of Public Works & Buildings v. Dixon* (1967), 37 Ill. 2d 518, 229 N.E.2d 679, for the principle that following the immediate vesting of title (quick-take), the condemnee should have the right to open and close case. "It is he who is seeking just compensation guaranteed to him by the constitution for property over which he has unwillingly lost possession and control and for damages to his remaining land not taken." (*Dixon*, 37 Ill. 2d at 521, 229 N.E.2d at 681.) The issue was clarified in *Department of Business & Economic Development v. Brummel* (1972), 52 Ill. 2d 538, 288 N.E.2d 392, where the trial court had forced a landowner, over his objection, to proceed first at all stages of the proceeding. The supreme court reversed, holding that when title has vested in the condemnor under the

quick-take statute, and there has been no cross-petition for damages to the remainder, there is no reason why the burden of going forward should shift to the condemnee.

When the landowner files a cross-petition for damages to the remainder, however, the case then resembles a civil action in which there is a complaint and counterclaim. Accordingly, the *Brummel* court applied Supreme Court Rule 233 (see 43 Ill. 2d R. 233), which provided that the parties shall proceed at all stages of the trial in the order in which they appear in the pleading unless otherwise agreed by all parties or ordered by the court:

> "If the landowner files a cross-petition for damages to property not taken and desires to proceed first at all stages of the trial he may file a timely motion to this effect prior to trial. Under the authority of our Rule 233 the court in the exercise of sound judicial discretion *may* order him to so proceed." (Emphasis added.) (*Brummel*, 52 Ill. 2d at 543, 288 N.E.2d at 395.)

In the case at hand, we are faced with a consolidation of two separate actions, only one of which involves a counterclaim for damages to the remainder. Although the motion to consolidate was filed by the condemnor, the record makes clear that it was granted pursuant to an agreement among the parties.

Defendant contends that damages to the remainders of both parcels were in issue, even though no cross-petition was filed on behalf of parcel 11. This claim is founded upon the fact that *plaintiffs'* expert witness estimated in his discovery deposition that the remainder of parcel 11 would sustain $500 damages as a result of its irregular shape. Defendant's valuation expert offered no evidence of damages to parcel 11. That the jury awarded $500 damage to the remainder of parcel 11 is attributable solely to evidence presented by plaintiffs.

Defendant's failure to assume any portion of the burden of proof of damages to parcel 11 is highlighted in its closing argument. Defense counsel concluded his closing argument by asking the jury to return a verdict of $71,716 in compensation for parcel 11, $9,850 for parcel 17, and $65,000 in damages to the remainder of parcel 17. Damages to parcel 11 were not mentioned in this summation. Defendant's claim to the burden of proof as to damages to the remainder of parcel 11 is belied by the fact that no such proof was offered, nor was the jury asked to award any specific amount.

■ We find the holding in *Brummel* is clear in its conclusion that, in a case such as this, the right to proceed first at all stages of trial is within the sound discretion of the trial court. Even if we accept defendant's contention that damages to the remainder of parcel 11

was in issue, we find the holding of the *Brummel* decision dispositive. Where there is a counterclaim for damages to the remainder, the determination as to which party proceeds first is in the sound discretion of the trial court.

Defendant argues alternatively that if the matter is within the court's discretion, then this discretion was abused. Citing *Liptak v. Security Benefit Association* (1932), 350 Ill. 614, 618, 183 N.E. 564, 566, defendant argues that whenever a party has anything to prove in order to secure a verdict, the right to open and close belongs to him:

> "It is generally held that the right to open and close is not a matter resting merely in the discretion of the trial judge but is a substantial right in the person who must introduce proof to prevent judgment against him."

Defendant ignores the fact that both parties are charged with the burden of proof in a condemnation case such as this. "While petitioner has the burden of proving fair cash value of the property to be taken [citation], the landowner bears the burden for damage to the remainder not taken." (*Dixon*, 37 Ill. 2d at 520, 229 N.E.2d at 680.) Had the two cases not been consolidated, the trial court would have been required to allow the condemnor the right to proceed first as to parcel 11. The right to proceed first as to parcel 17 would still have been left to the sound discretion of the trial court pursuant to Supreme Court Rule 233 (134 Ill. 2d R. 233). Accordingly, we find no abuse of discretion in allowing plaintiffs to proceed first in the consolidated action.

## II

Next, defendant contends the trial court committed reversible error in striking certain comparable sales relied upon by defendant's valuation expert. Plaintiffs filed a motion *in limine*, barring defendant's expert witness from discussing alleged comparable sales involving subdivided lands. The trial court reserved its ruling on this portion of the motion *in limine*.

At trial, it was established that parcel 11 was comprised of a strip of land along the edge of an 80-acre tract of unsubdivided land, currently being used for agricultural purposes. Its highest and best use was characterized as having the potential for residential development. The amount of land actually taken was 4.476 acres, of which 1.220 acres were within an existing right-of-way. Defendant's expert, Evans, valued the property before the taking at $10,000 per acre. As the land was considered "frontage," Evans adjusted its value accord-

ing to a "depth table," arriving at a total of $16,000 per acre for the land actually taken.

Evans described five land sales comparable to parcel 11 to substantiate the basis of his valuation opinion. Plaintiffs objected to testimony regarding two of these sales, and one of these objections was sustained. The four remaining comparable sales considered by the jury ranged in price from $5,250 to $16,879 per acre. The excluded comparable sale, located at 2705 West Springfield, Champaign, consisted of 1.85 acres of subdivided land, with utilities in place and "ready to go" as a piece of land ready to be developed. The land sold for $48,648 per acre.

Parcel 17 was a narrow corner strip from two sides of a tract consisting of approximately 77 acres. The land was not subdivided and was currently used for agricultural purposes. The amount of land actually taken totaled 0.985 of an acre, of which 0.577 of an acre was previously in an existing right-of-way. A temporary construction easement totaling 0.264 of an acre was also involved. Evans testified that the highest and best use of parcel 17 was industrial use, and the value of the land taken was $9,850 based upon a $10,000 per acre value.

Evans described eight land sales comparable to parcel 17, ranging in price from $7,000 to $50,000 per acre. Plaintiffs objected to testimony regarding three of these comparable sales, and two of the objections were sustained. The first excluded comparable sale, located at 1302 Anthony Drive, Urbana, sold for $48,166 per acre and was described by Evans as "maybe less than an arm's length sale." A second excluded comparable was a sale to J.M. Jones Company for a tract of land located very close to their own property. The land sold for approximately $35,000 per acre.

At the conclusion of his direct examination, Evans was asked to recalculate his opinion of the value of parcels 11 and 17, taking into account the court's ruling in striking three of his comparable sales. He replied that his opinion on the value of both parcels remained unchanged.

Defendant contends the trial court abused its discretion in striking testimony of the comparable sales. The court's action, combined with Evans' subsequent reanalysis of his valuation (or lack thereof), damaged the witness' credibility and prevented the jury from properly weighing the evidence in full.

The general rule in condemnation cases is that the admission and exclusion of evidence as to comparable sales rests entirely in the discretion of the trial court. (*Department of Conservation v. Aspegren Financial Corp.* (1978), 72 Ill. 2d 302, 310, 381 N.E.2d 231, 235.) In a

medical malpractice action, *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, the supreme court explicitly adopted Federal Rule of Evidence 703 (see 28 U.S.C. app. Fed. R. Evid. 703 (1976) (permitting an expert witness to give his opinion on the basis of facts not in evidence if they are of a type reasonably relied upon by experts in the field in forming opinions upon the subject matter)) and Federal Rule of Evidence 705 (see 28 U.S.C. app. Fed. R. Evid. 705 (1976) (which permits an expert to give his opinion without prior disclosure of the underlying facts)). In *Department of Transportation v. Beeson* (1985), 137 Ill. App. 3d 908, 485 N.E.2d 511, the Second District Appellate Court held that since *Wilson* did not limit the application of Rules 703 and 705 to any particular type of case, the rules should be applied to the testimony of valuation witnesses. The result of this decision is that all sales considered by valuation witnesses are admissible.

The supreme court responded in *City of Chicago v. Anthony* (1990), 136 Ill. 2d 169, 554 N.E.2d 1381. The court agreed with the *Beeson* decision, stating that Rules 703 and 705, as adopted by *Wilson*, applied to a qualified expert witness who expressed an opinion of the fair market cash value of a piece of property in an eminent-domain case. However, the court went on to state:

> "The *Beeson* court indicated that *Wilson* 'altered the rule of judicial discretion in the admissibility of comparable sales.' (*Beeson*, 137 Ill. App. 3d at 910.) We do not agree; Rule 703 and Rule 705 allow for an expert to express an opinion based on facts or data not admissible in evidence only if the facts or data are of a type reasonably relied upon by experts in the particular field, and are not excluded by another rule of law or a competing policy interest." (*Anthony*, 136 Ill. 2d at 190, 554 N.E.2d at 1391.)

Earlier, the court stated:

> "[A] trial judge need not allow an expert to state the underlying facts or data of his opinion 'when [their] probative value in explaining the expert's opinion pale[ ] beside [their] likely prejudicial impact or [their] tendency to create confusion.' " *Anthony*, 136 Ill. 2d at 185, 554 N.E.2d at 1388, quoting *People v. Anderson* (1986), 113 Ill. 2d 1, 12, 495 N.E.2d 485, 490.

■■ The court concluded that the proper factors which may be taken into consideration in determining just compensation must be determined by the trial court as a question of law. An expert in valuation of property for condemnation purposes may only rely on facts or data which are legally relevant to fair cash market value of the property in question. (*Anthony*, 136 Ill. 2d at 187, 554 N.E.2d at 1389.)

Furthermore, the trial court's determination shall not be disturbed absent an abuse of discretion. *Anthony*, 136 Ill. 2d at 186, 554 N.E.2d at 1389.

■ The excluded testimony of the sale comparable to parcel 11 involved subdivided land adjacent to a rapidly developing area in west Champaign. This presents a marked contrast to parcel 11, which was not subdivided and did not have utilities in place. Two land sales comparable to parcel 17 were also stricken. The first was admitted to have been something less than an arm's length sale. The second was the sale of land to a neighboring owner in the area of Interstate 74 and Lincoln Avenue in Urbana. Sales of this nature may not reflect the true values of the land, because the buyer may be forced to pay a premium to acquire that specific property to complete his holding. (*People ex rel. Department of Transportation v. Birger* (1987), 155 Ill. App. 3d 130, 507 N.E.2d 1321.) All three excluded comparable sales involved land prices far in excess of the defendant's expert's own valuation opinion.

The holding in *Anthony* endows the trial court with the responsibility to determine whether these sales would reasonably be relied upon by experts in the field. The sagacity of the trial court's ruling is confirmed by the fact that Evans' valuation remained unchanged after the testimony was stricken from the record. We find no abuse of discretion.

Affirmed.

McCULLOUGH and COOK, JJ., concur.