(No. 25733.—

ALBIN KUZMINSKI, Appellee, *vs.* E. J. WASER *et al.* Appellants.

*Opinion filed October 15, 1940.*

Delmar J. Hill, and Cyrus L. Garnett, for appellants.

Henry Mitgang, (Arthur A. Wolfinsohn, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

The appellee, by his next friend, had judgment in the superior court of Cook county in the sum of $5000 on the verdict of a jury in an action for personal injury. An appeal was prosecuted directly to this court on the ground, as it is claimed, that although the appellants had the form they did not have the essence of due process of law or a constitutional jury trial. This contention is based upon proof which was received on a motion for a new trial. Sonia Young, who was one of the jurors, had perjured herself on her *voir dire* examination. It seems clear that this juror testified falsely, before being accepted as a juror, to the effect that neither she nor any member of her family had been interested in a personal injury suit arising out of an automobile accident, whereas her husband had been the plaintiff in such a suit shortly before the trial resulting in the judgment which we are asked to review.

Inasmuch as we have no jurisdiction of this cause, we will refrain from any comment upon the evidence or instructions. The most that is claimed for the appellants amounts to an argument that a new trial should be granted because of the assumed bias of this juror. It is enough for us to point out that even if the juror was biased and even if serious errors were committed by the trial court in refusing to grant a new trial and if, as argued, the verdict is

contrary to the weight of the evidence, none of these things go to the question of due process nor to the right to trial by jury.

Neither the right to trial by jury nor the guaranties of due process of law extend to any guarantee against erroneous or unjust decisions. If the juror Young perjured herself on her *voir dire* examination it is no different than any other perjury which might occur in the course of a trial. These principles have so frequently been pointed out that we hesitate to repeat them. Thus, in *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316, we said: "The trial of the cause was conducted according to the legal and usual method of procedure in actions on the case, and the judgment rendered by the court on such a trial is the result of due process of law, however erroneous or unjust the decision may be, if the trial court had jurisdiction to enter the judgment which it did enter. The constitutional requirement of due process of law is not a guaranty that the courts shall not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed or erroneous or unjust decisions are rendered they may be corrected in the manner provided by law for the correction of such errors, but mere error in a judgment or decree does not deprive the losing party of the benefit of due process of law." This statement of law was quoted with approval in the more recent case of *Foreman-State Nat. Bank* v. *Sistek,* 358 Ill. 525.

Inasmuch as this court is without jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*