The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner, Appellee, v. The First National Bank of Waukegan as Trustee Under Trust No. 616, Joseph J. Drobnick, et al., Defendants, Cross Petitioner, Appellants.

Gen. No. 64–90.

Second District.

July 9, 1965.

Rehearing denied July 31, 1965.

Mark Drobnick, of Waukegan, for appellants.

William G. Clark, Attorney General, of Chicago (Donald T. Morrison, Special Assistant Attorney General, of counsel), for appellee.

ABRAHAMSON, P. J.

The Department of Public Works and Buildings filed a petition on September 6, 1957 in the Circuit Court of Lake County to condemn five adjoining lots, and part of a sixth, owned by appellants. The Department filed a motion for an immediate vesting of title pursuant to the Eminent Domain Act and three appraisers were appointed by the Court to make a preliminary estimate of just compensation. On September 12, 1958 the Department's motion was granted and a preliminary finding that $3,500 constituted just compensation was entered by the Court. The Department deposited that amount and took possession of the property.

On February 25, 1964 the cause went to trial before a jury, which returned a verdict awarding appellants $1,700 in full compensation for the condemned lots, and a further finding that adjoining land owned by appellants was not damaged by the taking.

The jury, and the trial judge, inspected the property. Judgment was entered on the verdict and post-

trial motions to set aside the verdict and vacate the judgment were denied. This appeal results.

The lots taken comprised a total of 132.39 feet fronting on Belvidere Road, with an overall depth of 125 feet. The property is adjoined immediately on the East by the Chicago, Milwaukee and St. Paul Pacific Railroad, and is located about 1 mile west of the City of Waukegan. The property was bordered on the west by Melody Road, which provided access into Belvidere Road not only for the lots taken in the condemnation but for the additional property owned by appellants immediately to the south. All the property owned by appellants was, at the time of the vesting of title, and remained, vacant. After the "quick-take," the Department raised the grade of the condemned lots approximately 25 feet above its prior level and constructed a bridge over the adjoining railroad as part of its program to make Belvidere a "Freeway." Access to Belvidere from Melody Road was eliminated but a frontage road about one-half mile west of appellants remaining lots leads into Belvidere.

The Department and the appellants both introduced the testimony of expert witnesses as to the value of the land at the time the original petition was filed. The two witnesses for the Department stated that the property was worth $2,000 and $1,700 respectively. One of appellants' witnesses testified that the value of the part taken was $9,000, with the remainder being damaged by $5,500. The owner himself stated that the lots condemned were worth $16,000, with $9,000 damage to the remainder. In rebuttal, the Department introduced one of the court-appointed appraisers from the earlier hearing who testified that the part taken was worth $1,520 and that the remainder was not damaged at all.

On appeal, the owners first urge that the trial court erred in permitting the Department, by leading ques-

tions, to bring to the attention of the jury that its rebuttal witness, one William D. Whyte, had been appointed by the Court to appraise the property at the earlier hearing. The Eminent Domain Act, in providing for the immediate vesting of title in certain instances, (Ill Rev Stats 1963, c 47) provides in section 2.2, paragraph (d) as follows:

"Such preliminary finding of just compensation, and any deposit made or security provided pursuant thereto, shall not be evidence in the further proceedings to ascertain finally the just compensation to be paid, and shall not be disclosed in any manner to a jury impaneled in such proceedings; and if appraisers have been appointed as herein authorized, their report shall not be evidence in such further proceedings, but the appraisers may be called as witnesses by the parties to the proceedings."

There is no question that the Department had the right, under the statutory provision given above, to call a court-appointed appraiser from the "quick-take" hearing to testify at the final trial. While there are no Illinois cases on the point of disclosing the relation of the witness to the earlier hearing to the jury, we feel it would be good practice if that relation was not disclosed. However, in this case objection was made by appellant not to that disclosure alone, but to the appearance of Whyte at all. That objection was properly overruled and the trial court then informed the jury to disregard any reference to the fact that the witness was appointed by the court to appraise the property. We feel this prompt admonition to the jury corrected any possible error in the proceedings on that point.

Appellants further urge that in view of the fact that the Department was permitted to call Whyte to testify

on their behalf, that it was error to refuse to permit another of those appraisers, Jack Williams, to testify for them. However, the record discloses that the proofs had been closed and counsel and court were conferring on instructions when appellant moved to reopen the proofs to introduce the testimony of Williams. It also appears that Williams was available to testify during the trial but that appellant had not offered him until the proofs were closed and they had rested their case. If he had been permitted to testify, the record indicates that he would have stated that, in his opinion, the property condemned was worth $6,500.

It is generally held that once a case has been closed, neither party can, as a matter of right, reopen the proceedings to introduce further testimony. McEniry v. Tri-City R. Co., 179 Ill App 152. The matter is considered to be within the discretion of the trial court and will not be upset by a reviewing court unless it appears that the discretion is clearly abused and the failure to reopen the proofs resulted in substantial injustice. Rosehill Cemetery Co. v. City of Chicago, 352 Ill 11, 185 NE 170. Morse v. Fuller, 164 Ill App 85. We do not feel that the trial court abused its discretion in this case. Williams was available to testify during the trial and there appears to be no explanation why he was not introduced then. Further, his testimony, if given, could not materially have affected the outcome of the trial. Other witnesses for appellant had already testified that the property was worth far more than the appraisal of Williams, and we do not feel that the absence of his testimony prejudiced appellants.

Appellants next complain that the conduct of counsel for the Department was improper and inflammatory and prejudiced them in the eyes of the jury. The only item in the record of any substance

that is pointed out by appellants to support this contention is an objection by the Department during appellants' final argument that it was "hysterical." No objection to this characterization of his style was made by appellant, and the Department's objection was overruled with the court commenting that it was within proper realm of argument. Since no objection was made by appellants at the time of trial, we will not consider it on review. County of Cook v. Colonial Oil Corp., 15 Ill2d 67, 75, 153 NE2d 844; Forest Preserve Dist. v. Kercher, 394 Ill 11, 25, 66 NE2d 873.

Finally, appellants claim that the jury was improperly instructed as to the law and their verdict resulted from the misconceptions created thereby. We have examined all the instructions tendered and given and feel that, in general, the jury was properly instructed as to the applicable law. The record shows that appellants tendered a total of 30 instructions and that all but five were refused. Appellants raise only two of these refused instructions on appeal, both dealing with the loss of access to Belvidere Road to the remainder of their lots. However, the evidence shows that the remaining property did not have direct access to Belvidere Road before the taking and the instructions, while proper statements of the law, were inapplicable to the factual situation and might have misled the jury.

██ ██ It is well-settled law in this state that in condemnation cases the verdict of the jury, when it has inspected the premises, will not be disturbed on review when that verdict is within the range of the evidence and does not appear to result from passion, prejudice or palpable mistake. Department of Public Works & Bldgs. v. Christensen, 25 Ill2d 273, 276, 184 NE2d 884; Trustees of Schools v. LaSalle Nat. Bank, 21 Ill2d 552, 556, 173 NE2d 464. Here the jury has

viewed the property and its verdict is within the range of the evidence.

We also feel that appellants were granted a fair trial and that it would be incorrect to say that the verdict of the jury was a result of passion, prejudice, or palpable mistake. We therefore affirm the judgment of the trial court.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.