(No. 45687.—

THE DEPARTMENT OF BUSINESS AND ECONOMIC DEVELOPMENT, Appellee, v. PETER BAUMANN *et al.*—(Edwin M. Kames *et al.,* Appellants.)

*Opinion filed January 31, 1974.—Rehearing denied March 28, 1974.*

RYAN, J., dissenting.

Edward T. Graham, of Glen Ellyn, and Sidney Z. Korasik and Errett O. Graham, both of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield (Calvert J. Godon, Frank S. Righeimer, Jr., and Patrick J. Agnew, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Edwin M. Kames and Ellen A. Kames, appealed from the judgment of the circuit court of Du Page County entered upon a jury verdict awarding them $359,464 as compensation for their 137.2-acre farm condemned in this eminent domain action instituted by the petitioner, the Department of Business and Economic

Development. The appellate court affirmed (9 Ill. App. 3d 1), and we granted defendants' petition for leave to appeal.

The first ground for reversal urged by defendants arises from admitting into evidence, as a "comparable sale," a transaction which involved a parcel of land known as the Ward Tract. Defendants contend that the Ward transaction was an exchange of real estate and not a sale for cash, and in admitting evidence of the transaction the circuit court committed reversible error. Petitioner does not dispute defendants' contention that evidence of an exchange of real estate is not admissible but argues "that the Ward transaction was a cash sale although in form it was made to appear as a trade."

Relying, apparently, upon the *in camera* testimony of James Knippen (9 Ill. App. 3d 1, at 9-10), one of the parties to the Ward transaction, the trial court held "that the transfer of the subject property was to be for an established cash price." We do not agree. The written contract entered into between Ward and Knippen made no provision for a sale of property and provided clearly and unequivocally for an exchange of the Ward farm in Du Page County for a farm in De Kalb County and $7,500 in cash, and provided further that unless Knippen could acquire and trade the De Kalb County property to Ward the contract was to be "null, void and of no force or effect whatsoever." In a condemnation action, evidence offered to prove a comparable sale must show that the sale was for money, and not wholly or partially for a consideration other than money, such as an exchange of land. (*Jefferson Park District v. Sowinski,* 336 Ill. 390; see also *Sanitary District of Chicago v. Boening,* 267 Ill. 118; *Lanquist v. City of Chicago,* 200 Ill. 69; 5 Nichols, The Law of Eminent Domain (3d ed. 1969) sec. 21.3(1); 1 Orgel, Valuation Under The Law of Eminent Domain (2d ed. 1953) sec. 140.) Petitioner's argument that the Ward transaction was in fact a sale and was "obviously a tax gimmick evidently worked out by seller's lawyer" is

without support in the record or in the authorities cited in its brief. The Ward contract is clearly distinguishable from the one considered in *Department of Public Works and Buildings v. Klehm,* 56 Ill.2d 121. In *Klehm,* the contract fixed a cash sale price and provided that the seller could designate land to be acquired by the purchaser and conveyed to the seller, in which event, any amounts expended by the purchaser in acquiring the other land were to be credited against the cash sale price.

Petitioner argues that even if evidence of the Ward transaction were erroneously admitted, the error was harmless for the reason that the jury heard evidence of five other comparable sales. Of the sales proved, the Ward tract was the nearest in location to the defendants' farm, and except for the Sippy sale, the Ward transaction was by more than a year the nearest in time. The trial court permitted Knippen, in direct contradiction of the explicit provisions of the written contract, to describe the transaction as a cash sale, and in so doing committed error so prejudicial as to require reversal.

Defendants contend next that the trial court committed prejudicial error in permitting petitioner's appraisal witnesses to testify that they had been previously appointed by the court and at the court's request had appraised other property being condemned in the same eminent domain proceeding. In considering this contention the appellate court said:

> "Sec. 2.2(d) of the Eminent Domain Act specifically provides that although court-appointed appraisers reports, utilized at quick-take, cannot be evidence in the final proceedings to determine just compensation, the appraisers may be called as witnesses in such proceedings. In *Department of Public Works v. First Nat. Bank,* 61 Ill. App. 2d 78, 82 (1965), this court stated that, when testifying in the final proceeding, it would be good practice if the witness did not

disclose that he had been court-appointed for the quick-take hearing. Although in that case the appraiser who testified at the final proceeding had been court-appointed to appraise the *subject property* at the earlier quick-take hearing, we feel that the same rationale applies in the case at bar even though the appraisers had not been court-appointed to appraise the *subject property.* The danger that the jury may give undue weight to the testimony of a witness appointed by the court to appraise the subject property also exists when a witness has been court-appointed to appraise other portions of the project of which the subject property is a part.

A witness should be allowed to disclose to the jury, as part of his qualifications, that he has in the past been appointed by various courts to appraise property. Such disclosure should not include the fact that the appraisal was of the subject property or the project of which the subject property is a part. Under this practice, the witness would be allowed to state his qualifications while at the same time any possible prejudice to the opponent's case would be avoided." 9 Ill. App. 3d 1, at 15.

We agree. The appellate court found the error to be harmless but we do not decide whether, assuming this were the only error, we would so hold, for the reason that the combined effect of this error and the erroneous admission of the evidence concerning the Ward transaction was so prejudicial as to require reversal.

Finally defendants contend that because the petitioner had taken the property by "quick-take" proceedings (Ill. Rev. Stat. 1971, ch. 47, par. 2.1 *et seq.*) they were entitled to proceed first at all stages of the trial and that the circuit court's refusal to permit them to do so erroneously deprived them of the valuable right to open

and close. In *Department of Business and Economic Development v. Brummel,* 52 Ill.2d 538, we held that when, as here, the taking is of the entire tract and there is no question of damages to the remainder, the fact that the condemnor acted under the "quick-take" statute does not serve to shift, from the petitioner, the burden of going forward. The circuit court did not err in denying defendants' request that they be permitted to proceed first.

Defendants have briefed and argued other claims of error but it appears unlikely that they will recur upon retrial of this cause and we do not, therefore, discuss them.

For the reasons set forth the judgments of the circuit and appellate courts are reversed and the cause is remanded to the circuit court of Du Page County for further proceedings.

*Reversed and remanded.*

MR. JUSTICE RYAN, dissenting.