DONALD PEKELDER, Plaintiff-Respondent, *v.* EDGEWATER AUTOMOTIVE COMPANY, INC., *et al.*, Defendants-Petitioners.

First District (2nd Division)    No. 76-45

Opinion filed October 12, 1976.

Kirkland & Ellis, of Chicago (Donald J. Duffy, of counsel), for petitioners.

Joseph R. Curcio and Sidney Z. Karasik, both of Chicago, for respondent.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff initiated an action for personal injuries against the manufacturer and distributor of an automobile jack, alleging that the product was unreasonably dangerous. After a week long trial, the jury returned a verdict in favor of defendants, but the trial court allowed plaintiff's motion for a new trial and we granted defendants' petition for leave to appeal.[1]

As grounds for his post-trial motion for a new trial, plaintiff alleged that following the trial, it came to his attention that one of the jurors failed to truthfully answer the court's questions during voir dire, specifically relating to whether the juror had any pending lawsuits,[2] and thus plaintiff was prejudiced.

The court issued a rule to show cause why the juror should not be held in contempt and conducted two hearings on the post-trial motion and the contempt proceedings. The court then discharged the rule to show cause because it was not convinced of the juror's guilt beyond a reasonable doubt and granted the motion for a new trial.

Although no court reporter was present at the voir dire proceedings, the court recalled inquiring of the jurors, its standard inquiry, whether any of the jurors had lawsuits pending or had ever sued or been sued, and that all jurors responded in the negative. During the hearing regarding the rule to show cause, the juror testified that he thought the court was referring to personal injury cases and admitted that he was a defendant in the Municipal Division in a contract action for goods and services involving $4,000, and that he was also in litigation as a defendant with a corporation of which he was the sole owner.

The juror testified that a week previous to the case at bar, he had served on another personal injury case where he was foreman and that that jury returned money damages in favor of that plaintiff. The juror then related the deliberations of the jury at bar.[3] He revealed that he was also selected foreman of the jury at bar. The first order of business was to determine an expression of each juror's opinion without a formal vote. The result was seven votes in favor of defendants and five in favor of plaintiff. A discussion then ensued among the jurors and some of the instructions

---

[1] Plaintiff's motions for judgment notwithstanding the verdict and a new trial on the issue of damages only were denied.

[2] Section 14 of "an Act concerning jurors ° ° ° (Ill. Rev. Stat. 1975, ch. 78, par. 14), provides, *inter alia*, "It shall be sufficient cause of challenge of a petit juror that ° ° ° he is a party to a suit pending for trial in that court."

[3] That jurors' affidavits may not be used to impeach their verdict (*Sanitary District v. Cullerton* (1893), 147 Ill. 385, 35 N.E. 723), is subject to an exception when it is charged that a juror answered falsely on voir dire about a matter of potential bias or prejudice. *Department of Public Works & Buildings v. Christensen*, 25 Ill. 2d 273, 184 N.E.2d 884.

were reviewed. The initial formal vote resulted in 11 jurors in favor of defendants and one juror expressed no preference. The jurors then embarked upon further deliberations and discussions of the instructions relating to proximate cause, whereupon the entire jury agreed upon a verdict in favor of defendants. The jury deliberated for one and one-half hours before reaching its verdict.

In *Department of Public Works & Buildings v. Christensen*, (1962), 25 Ill. 2d 273, 184 N.E.2d 884, our Supreme Court reaffirmed the doctrine that a motion for new trial will be denied unless it is established not only that the juror answered falsely, but also that prejudice resulted. In that case, involving an eminent domain proceeding, each juror was asked whether the juror or any close relatives had dealings with the State of Illinois, or transactions with the State involving land sought to be taken by condemnation. All responded in the negative, but after the verdict it was discovered by one of the attorneys that a brother of a juror had dealings with the State of Illinois, or a department therein, regarding eminent domain proceedings. A juror, by affidavit, revealed that during deliberations the juror in question advised them that her brother had been treated fairly when the State of Illinois condemned his property and that she would vote for the lowest evaluation, and then finally agreed to break a deadlock by allowing a further nominal sum as damages. Another juror, by affidavit, revealed that the juror in question did not adversely effect the verdict and that it was based upon the jury's consideration of all the evidence. Our Supreme Court affirmed the denial of plaintiff's motion for a new trial, finding no prejudice resulted from the failure of the juror to truthfully reveal that a close relative had had dealings with the State of Illinois regarding eminent domain proceedings.

In *Maher v. New York, Chicago & St. Louis R.R. Co.* (1937), 290 Ill. App. 267, 8 N.E.2d 512, the foreman falsely denied that no member of his family or he had ever been involved in a personal injury case or that he had ever been sued. After the trial it was discovered that that juror had in fact been in several accidents wherein personal injuries were alleged. This court affirmed the denial of defendant's motion for a new trial.

In *Kuzminski v. Waser* (1942), 314 Ill. App. 438, 41 N.E.2d 1008, defendants appealed from an order denying their motion for a new trial in favor of plaintiff. There also it was discovered that a juror falsely denied that she or any member of her family had been interested in a personal injury suit. In that case, the trial court also conducted a hearing involving the deliberations of that jury, which revealed that the first ballot unanimously found for plaintiff, but considerable time was devoted to ascertaining the amount of damages. Language in *Kuzminski,* apropos to the case at bar, is as follows:

> "The instant case was well tried and the absence of errors in the record that are usually assigned in cases of this character has forced

counsel for defendants to place undue importance upon the conduct of juror Young." 314 Ill. App. 438, 448.

In view of the prevailing authority on the issue at bar and the facts herein, we too fail to perceive the requisite prejudice that would justify the granting of a new trial. The record fails to reflect any prejudice relating to the substantive merits of the case. On the contrary, following the verdict the trial court judge visited the jury room and inquired as to the reason for the verdict in favor of defendants. He was advised that the case appeared to be decided on the proximate cause issue. The trial court then made the observation that the jury was very perceptive and that the court would have decided the case in the same way.

Procedurally, in granting plaintiff's motion for a new trial the court specifically found:

"THE COURT: That trial was fairly tried by both counsel and it was the cleanest trial I had in five years. Other than this one matter of the juror, I would have summarily not have done that, it is on this basis only."

We find that the trial court abused its discretion in granting plaintiff's motion for a new trial on this basis. The order granting a new trial is hereby reversed.

Reversed.

DOWNING and JIGANTI, JJ., concur.