(No. 49051.

DONALD PEKELDER, Appellant, v. EDGEWATER AUTOMOTIVE CO., INC., *et al.,* Appellees.

*Opinion filed October 5, 1977.*

Joseph R. Curcio, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Kirkland & Ellis, of Chicago (Donald J. Duffy, of counsel), for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

Plaintiff, Donald Pekelder, is appealing from the appellate court reversal (42 Ill. App. 3d 1011) of an order for a new trial entered by the circuit court of Cook County. Pekelder brought an action for personal injuries against the manufacturer (Edgewater Automotive Co., Inc.) and distributor (Standard Unit Parts Corp.) of an automobile jack, alleged to have been unreasonably dangerous. The jury returned a verdict for Edgewater and Standard, but the trial court granted Pekelder's motion for a new trial on the grounds that a juror falsely testified during his *voir dire* examination. We allowed Pekelder's petition for leave to appeal.

A week after the verdict was handed down, Pekelder's attorney encountered the juror, Stanton C. Ascher, in the Civic Center in Chicago. At that time Ascher mentioned he was involved in a lawsuit. A month later, after further investigation, Pekelder moved for a new trial. At the post-trial hearing on the motion, the judge specifically recalled that on *voir dire* he had asked each juror whether or not he or she had any pending lawsuits or had ever sued or been sued. Ascher, who was chosen the foreman of the panel, had replied negatively. On direct examination at the post-trial proceeding, the following exchange occurred between the examiner and Ascher:

"Q. Now, do you remember if you knew at the time you were serving on this jury that you had a case

pending?
A. Yes."

It was confirmed that Ascher was a defendant in a damage suit (in contract) pending, at that time, in circuit court. (Ascher testified he was a party in a second suit also.)

Ascher maintained he thought the court's *voir dire* questions referred to pending personal injury suits and that, because his suits were not personal injury actions, he answered accordingly. He testified that he had "put the red switch on" to end deliberations, which were only an hour and a half to two hours long, and that he had "read and interpret[ed]" the instructions to the other jurors. Ascher also testified that a week previous he had served on a jury, again as foreman, in which damages were returned for a plaintiff. Ascher noted that the initial vote of the jury, before any discussion occurred, was seven jurors for the defendant and five in abstention. Although Ascher was not found in contempt of court for failure to disclose his pending suits on *voir dire,* the judge expressed his doubts about Ascher's sincerity.

The issue is whether or not the trial court abused its discretion in ordering a new trial because of prejudice to Pekelder resulting from a juror's lack of disclosure of pending lawsuits during *voir dire* examination. We believe the trial judge did not abuse his discretion.

At the outset, we must observe that, contrary to Pekelder's contention, there is no constitutional question of first impression involved where there has been a lack of candor by a prospective juror during *voir dire* examination. That issue was decided by this court in *Kuzminski v. Waser* (1940), 374 Ill. 428, 429-30:

"It is enough for us to point out that even if the juror was biased and even if serious errors were committed by the trial court in refusing to grant a new trial and if, as argued, the verdict is contrary to the weight of the evidence, none of these things go to the question of due process nor to

the right to trial by jury.

Neither the right to trial by jury nor the guaranties of due process of law extend to any guarantee against erroneous or unjust decisions."

The general rule for cases involving motions for new trial due to jurors' false testimony during *voir dire* has been stated in *Department of Public Works & Buildings v. Christensen* (1962), 25 Ill. 2d 273, 279-80:

"Our decisions make it clear that a motion for new trial will be denied unless it is established not only that the juror answered falsely, but also that prejudice resulted. *** This [is] a matter primarily within his [the trial judge's] discretion ***."

On the question of the trial court's discretion regarding a motion for new trial, *Christensen* is in accord with *Raub v. Carpenter* (1902), 187 U.S. 159, 47 L. Ed. 119, 23 S. Ct. 72. (See also *Stanczak v. Pennsylvania R. Co.* (7th Cir. 1949), 174 F.2d 43.) The reason for this reliance on the trial court's discretion is clear; it has the better opportunity to study and observe the juror and his or her demeanor. *Kuzminski v. Waser* (1942), 314 Ill. App. 438 (cited by cases and treatises in this area; see, *e.g.*, 58 Am. Jur. 2d *New Trial* sec. 48 (1971)).

Both *Christensen* and *Stanczak*, which cited two of the cases analyzed by the appellate court in the instant case, confirm that the standard to be applied in Illinois cases, such as the instant one, is that of prejudice. Therefore, to determine whether there has been an abuse of discretion, it is necessary for us to decide whether, on the record, the trial court properly found or could have found actual prejudice to Pekelder due to false answers given during *voir dire*.

In *Christensen*, a condemnation proceeding to assess damages, a juror, according to the affidavit of the attorney for Christensen, had denied during *voir dire* that she or any member of her family had any transactions involving land or property condemnation with the State. Another juror's

affidavit stated that the juror had said, during the deliberations, that her brother had property condemned and had been treated fairly by the State. The foreman, in an affidavit presented by the Department, said that the juror had "not adversely affect[ed] the verdict from defendants' standpoint." (25 Ill. 2d 273, 278.) The trial judge, who "stated that he had no recollection of the questions that he put to the jurors" (25 Ill. 2d 273, 279), denied the motion for a new trial. This court affirmed, agreeing that no prejudice to Christensen had been found.

In the Illinois appellate court cases cited by *Christensen*, by the appellate court below, and by *Stanczak*, the plaintiffs won jury verdicts in personal injury actions. (*Maher v. New York, Chicago & St. Louis R.R. Co.* (1937), 290 Ill. App. 267, and *Kuzminski,* 314 Ill. App. 438.) On *voir dire,* a juror in each case had negatively answered questions put to each regarding his and her involvement in personal injury actions. The defendants in each case discovered that in fact the answers were not accurate. In *Maher,* both the juror, who was the foreman, and his son had been involved in personal injury claims. Although the discovery of the false answers during *voir dire* was not made until after the appeal was initiated, the appellate court found no prejudice and refused to reverse. The appellate court also said that the juror's answers tended to favor the defendant-appellant. In *Kuzminski,* the juror's husband had been a party to an action arising from an auto accident. The appellate court, applying a standard of actual prejudice, refused to disturb the trial court's denial of the motion for a new trial. (Apparently, the appellate court rejected the contention that false answers during *voir dire*—and therefore the lack of statutory qualifications—disqualified the juror. The only issue is whether there was prejudice.)

In the instant case, the record shows that false answers were given by Ascher during *voir dire.* Whether intentional

or not, he had replied that he was not a party to pending lawsuits. (See *Photostat Corp. v. Ball* (10th Cir. 1964), 338 F.2d 783; *Consolidated Gas & Equipment Co. of America v. Carver* (10th Cir. 1958), 257 F.2d 111.) Moreover, the court, unlike the court in *Christensen,* was able to specifically recollect his questions and Ascher's answers during *voir dire.* Finally, Ascher, the foreman, apparently played a chairman-like role, limiting or ending the deliberations after 1½ or 2 hours and reading and interpreting the instructions to the other jurors who had indicated a quite less than unanimous verdict in the initial vote.

Although it is true the trial judge himself expressed his satisfaction with the trial proceedings, we cannot say that he abused his discretion in granting a new trial. We emphasize that we, on review, are not making a determination of prejudice based on the record but only whether the trial court could have reasonably concluded on the basis of the evidence that there was prejudice. We believe the trial court could reasonably do so.

Pekelder's contention, that depriving him of his statutory right to challenge a juror for cause (Ill. Rev. Stat. 1975, ch. 78, par. 14) *alone* is *prima facie* prejudicial and merits a new trial, need not be reached. Our affirmance of the trial court's determination of actual prejudice to Pekelder eliminates the necessity of reaching that issue.

Hence, we reverse the appellate court, affirm the trial court, and remand for a new trial.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*