2022 IL App (1st) 1796-U
No. 1-19-1796

FIRST DIVISION
March 31, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KONSTANTINE RESS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Law Division |
| Plaintiff-Appellant, | ) | |
| | ) | No. 2014 L 012529 |
| v. | ) | |
| | ) | The Honorable |
| CHRISTOPHER FATHKE, | ) | Cassandra Lewis, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's denial of Plaintiff-Appellant's motion to reconsider its decision denying his motion for a new trial. Plaintiff's allegations of juror misrepresentation, juror misbehavior, and judicial misconduct during the underlying civil trial are without substance and without legal support as to how Plaintiff was prejudiced at trial such that a new trial would be warranted.

¶ 2   Plaintiff-Appellant Konstantine Ress ("Plaintiff") appeals from the circuit court's denial of his motion to reconsider the court's decision denying his motion for a new trial due to various alleged instances of misconduct by certain jurors and the court. The underlying matter concerns a personal injury suit resulting from an automobile accident. Plaintiff filed suit against Defendant-

Appellee Christopher Fathke ("Defendant") in the circuit court over injuries sustained when their respective vehicles collided with each other, and the matter proceeded to a jury trial. Following the entry of a final order, Plaintiff filed a motion to vacate the judgment and set the matter for a new trial based on several grounds, including juror misconduct and certain improprieties perpetrated by the court in conducting the trial. The circuit court ordered an evidentiary hearing on one of the juror misconduct allegations and denied the motion on the remaining allegations. The court eventually denied Plaintiff's request for a new trial in its entirety. Plaintiff filed a motion to reconsider, which the circuit court again denied, stating that the motion presented no new evidence, changes in the law, or proof of the court's error in applying the law. We agree with the circuit court that denial of both the motion for a new trial and the motion to reconsider its prior decision was appropriate, where Plaintiff has not presented any caselaw or credible evidence indicating that the alleged misconduct occurred or that such conduct warranted the granting of a new trial.

¶ 3                                    BACKGROUND

¶ 4     The underlying matter arises from a suit filed by Plaintiff Konstantine Ress to recover damages from Defendant Christopher Fathke for injuries sustained in an automobile accident that occurred in 2012. The case proceeded to trial in November 2017 and the jury returned a verdict in favor of Plaintiff in the amount of $14,000. The final judgment was entered on November 21, 2017.

¶ 5                    Plaintiff's Original Motion for New Trial

¶ 6     On December 11, 2017, Plaintiff, now proceeding *pro se*, filed a motion for a new trial, alleging (1) jury tampering based on Plaintiff's recognizing some of the jurors; (2) that his attorney was "incompetent, negligent, hostile," and excluded evidence; (3) that jurors lied about who they

were and about recognizing him; (4) opposing counsel fabricated evidence; (5) that his attorney violated his fiduciary duty to represent Plaintiff "in the highest standard of care;" and (6) this negligence and "false evidence" affected the outcome of his case. Plaintiff filed an amended motion on February 2, 2018, expanding on his prior motion and alleging fraud on the court because he recognized at least four prospective jurors during jury selection and those jurors did not admit to knowing Plaintiff, some jurors lied about their criminal records, and the courtroom doors were locked during the trial, preventing observers from entering the courtroom.

¶ 7        On March 7, 2018, the court ordered both sides to produce caselaw on granting a new trial due to juror misrepresentations. Plaintiff's counsel was also granted leave to withdraw. On April 6, 2018, the court issued an order on Plaintiff's request for a new trial, finding that an evidentiary hearing was appropriate on Plaintiff's allegations that Juror Paul Green had lied about his criminal history during *voir dire*. The court deferred ruling on that issue, ordered an evidentiary hearing, and found that a new trial was not warranted based on any of Plaintiff's remaining allegations. The court further stated that none of Plaintiff's accusations of juror misrepresentation aside from the alleged misrepresentations of Juror Green were relevant, as the other jurors at issue were not seated. The court also found no evidence that the courtroom doors were locked and observers were prevented from entering during trial, and relied on the judge's own knowledge of what had occurred during the trial and the court's standard practices to dismiss these allegations. Plaintiff had also failed to raise concerns over these allegations during trial. The court similarly rejected arguments Plaintiff made that jurors had been asleep during parts of the trial and that the statements made by one prospective juror about his opinion that plaintiffs should settle with insurance companies were prejudicial to him, for the same reasons of lack of evidence and failure to raise these concerns at trial.

¶ 8                    Substitution of Judge and Evidentiary Hearing

¶ 9      Plaintiff moved for clarification of the order and to include Juror Patrick Robinson in the evidentiary hearing the court ordered on Juror Green. The court denied Plaintiff's request for a new hearing, but permitted adding Juror Robinson to the evidentiary hearing. Plaintiff then filed a motion for substitution of judge, which was denied. The judge assigned to his case recused herself on the court's own motion, and the case was assigned to a new judge. Plaintiff then moved again for substitution of judge, alleging that the new judge had engaged in *ex parte* communication with the previous judge. This motion was denied on December 21, 2018. Plaintiff moved to reconsider due to newly-discovered evidence, and the motion was denied as no new evidence was presented, and Plaintiff provided no other grounds for reconsideration.

¶ 10     The evidentiary hearing as to Jurors Green and Robinson proceeded before the substituted judge on March 20, 2019. Plaintiff argued that he was prejudiced at trial by Juror Green's misrepresentations on *voir dire* about his criminal record because he failed to mention prior arrests and falsely answered that he had never been arrested or been the accused in a criminal case. At the evidentiary hearing, Juror Green testified that he had previously been arrested, but because the charges were dropped and he did not have a criminal conviction, he believed that he could truthfully exclude this information and it was not applicable to the juror form questionnaire. He further testified that he believed he had filled out the juror form truthfully and accurately to the best of his knowledge. On cross-examination, Juror Green testified that he did not know the parties to this case and had no bias or prejudice to either, and that during juror deliberations, he considered all evidence presented at trial along with the judge's instructions. The circuit court stated in its order of March 21, 2019 that it was not convinced that Juror Green intentionally lied on his juror

questionnaire, and found that Plaintiff failed to show a presumption of prejudice in connection with Juror Green's answers.[1] Plaintiff's motion for a new trial was again denied.

¶ 11                    Motion to Reconsider Denial of New Trial

¶ 12    Plaintiff moved to reconsider the court's March 21, 2019 order, once again raising the following allegations: (1) numerous jurors made false statements on their juror forms regarding their criminal records[2] and four prospective jurors failed to disclose that they recognized Plaintiff; (2) the misrepresentations made by Juror Green during *voir dire* about his criminal history prejudiced Plaintiff at trial; (3) the trial judge had the doors to the courtroom locked during the trial, preventing certain individuals that Plaintiff wished to have observe the trial from entering; and (4) one juror, who was removed from the jury upon request of Plaintiff's counsel, stated before the juror pool that he believed plaintiffs should settle with insurance companies, and this influenced the jurors against Plaintiff. Plaintiff also took issue with the fact that his medical expenses from the accident were $76,000 but the jury only awarded him $14,000, and only a portion of his medical expenses were presented to the jury. However, he did not develop this argument outside of a mention in his statement of the facts, and did not raise this in his original or amended motions for a new trial. Regarding his claims about Juror Green, Plaintiff adds that the evidentiary hearing revealed that one of Juror Green's prior arrests was for threatening a Peoples Gas employee with violence, and that he could have intimidated and threatened the other jurors during deliberation based upon this alleged propensity towards anger and violence as evidenced by this and other arrests. Plaintiff concluded that these supposed wrongdoings resulted in fraud

---

[1] While Juror Robinson was also questioned at the evidentiary hearing, the court did not refer to Plaintiff's allegations of prejudice caused by Juror Robinson in its order denying the motion for a new trial. Plaintiff does not further address Juror Robinson in his motion for reconsideration or his argument on appeal, and we therefore do not review Plaintiff's argument for a new trial on the basis of Juror Robinson's alleged misconduct.

[2] Plaintiff identifies in prior motions two jurors, in addition to Juror Green, who he claims failed to disclose prior arrests. The motion to reconsider does not specify who made misrepresentations on their juror forms or how leaving out these prior arrests prejudiced Plaintiff at trial.

upon the court. Plaintiff argued that the court misapplied law by citing to irrelevant cases, and that he had properly shown the existence of a presumption of prejudice, which the court did not adequately consider.

¶ 13    The court denied Plaintiff's motion to reconsider on July 31, 2019, citing Plaintiff's failure to introduce any new allegations that had not previously been considered. Plaintiff now appeals from this order. He raises the same issues that he argued in his motion for reconsideration, namely (1) juror misrepresentations on *voir dire* (in particular, those of Juror Green) regarding their criminal records and whether they recognized Plaintiff; (2) jurors were asleep during trial; and (3) court misconduct by locking the doors during trial. He mentions having previously argued that one juror opined that plaintiffs should always settle, and these statements prejudiced the jury; however, he does not elaborate on appeal as to how this allegation provides a basis for a new trial. In addition, he raises for the first time on appeal an expanded version of his claims that he was prevented from presenting the full amount of his medical damages at trial. He does not include supporting caselaw for this contention and these issues were not raised in the underlying denied motion or in the judge's order from which Plaintiff appeals.

¶ 14                                    ANALYSIS

¶ 15    A court's ruling on a motion for a new trial is reviewed under an abuse of discretion standard. *Unitrin Preferred Ins. Co. v. Dobra*, 2013 IL App (1st) 121364, ¶ 17. A court abuses its discretion "only where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view." *Id.* (quoting *Graham v. Northwestern Memorial Hospital*, 2012 IL App (1st) 102609, ¶ 21). We bear in mind that the trial judge had the benefit of observing the conduct and representations of the witnesses, jurors, counsel, and all others present at trial, and thus was better positioned than this court to weigh the credibility, truthfulness, and potential bias

of the jurors. *See Vanderhoof v. Berk*, 2015 IL App (1st) 132927, ¶ 111 (1st Dist. 2005). In this case, although the judge who denied Plaintiff's motion to reconsider and entered the order from which Plaintiff directly appeals was not the judge who presided over his trial, her rulings are informed by the prior orders of the trial judge, and her own opportunity to observe Jurors Green and Robinson at the evidentiary hearing.

¶ 16    A new trial is required where the moving party shows that a juror answered falsely on *voir dire,* and this resulted in prejudice. *Barton v. Chicago and North Western Transp. Co.*, 325 Ill.App.3d 1005, 1026 (1st Dist. 2001). To warrant a new trial, the movant must demonstrate that the juror failed to give an honest answer to a material question, and further bears the burden of showing that this caused actual prejudice; a mere suspicion of prejudice is insufficient. *Id*. at 1028-29.

¶ 17    Before addressing his arguments of juror misconduct, we briefly mention that Plaintiff also alludes to the contention that he was prevented from presenting the full amount of his medical damages at trial. However, these statements are unsupported by any caselaw and were not raised in the underlying denied motion or in the judge's order from which Plaintiff appeals. We need not address this argument raised for the first time on appeal. *People v. Estrada¸* 394 Ill.App.3d 611, 626 (1st Dist. 2009). Nevertheless, we note that there is insufficient evidence in the record of any impropriety regarding the amount of damages or the extent of Plaintiff's accident-related injuries presented at trial, and this would not be a proper basis for us to disturb the circuit court's decision. We make the same finding as to Plaintiff's claims, not properly preserved on appeal, that one prospective juror made prejudicial statements regarding his opinion that plaintiffs should always settle.

¶ 18    Next, we address the category of misconduct claims that includes (1) sleeping jurors; (2) jurors who failed to disclose that they recognized Plaintiff; and (3) the court preventing observers from observing the trial. While he refers to the allegedly locked courtroom doors and the prospective jurors who allegedly recognized Plaintiff as fraud upon the court, he does not provide any factual specificity as to these claims or any support in law as to why he should be allowed a new trial if either event occurred. While these contentions were not developed in his motion to reconsider the March 21, 2019 order, the court did address them in his original motion for a new trial. The judge who conducted the trial stated in her April 6, 2018 denial of Plaintiff's motion to vacate the judgment and hold a new trial that she had knowledge of the court's usual trial procedures and instructions and of the conduct of jurors, counsel, and court staff present, and based on that knowledge, she found that Plaintiff's assertions that (1) the courtroom doors were locked; (2) that jurors were allowed to sleep during the trial; and (3) that some of the jurors knew Plaintiff were baseless. Even if the brief mentions of these claims in Plaintiff's motion to reconsider were sufficient to preserve these arguments on appeal, Plaintiff presents no argument that would allow us to properly disturb the circuit court's finding.

¶ 19    As the core basis for his argument that the circuit court should have granted his motion for a new trial, Plaintiff contends that certain juror misrepresentations regarding their criminal histories amounted to fraud upon the court. Prior to the motion for reconsideration from which he appeals, the circuit court narrowed this issue down to the allegations against Juror Green specifically, by allowing this argument to proceed to an evidentiary hearing. An allegation of fraud upon the court requires a clear and convincing showing of said fraud, and is reserved for "the most egregious misconduct directed to the court itself." *Dooley v. U.S.*, 2011 WL 4398159, ¶ 9 (S.D. Ill. 2011). It cannot be supported by vague, conclusory, or "palpably incredible" allegations. *Id*.

(quoting *Machibroda v. U.S.*, 368 U.S. 487, 495 (1962)). Fraud upon the court is misconduct so severe that it "does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.2d 689, 691 (7th Cir. 1968) (quoting 7 Moore's Federal Practice, p. 512, ¶ 60.23 (2d ed. 1955). Plaintiff has not made a showing by clear and convincing evidence that such severe misconduct occurred, and we will review the circuit court's denial of a new trial under the aforementioned abuse of discretion standard.

¶ 20    In arguing that Juror Green's dishonesty prejudiced him at trial,[3] Plaintiff relies on *People v. Martin*, where the defendant appealed his conviction because the State failed to disclose to the court that five jurors, one of whom ended up sitting on the jury, did not disclose their criminal records on their juror information cards. *People v. Martin*, 225 Ill.App.3d 339, 340 (1st Dist. 1992). The State had in its possession the Bureau of Investigation reports ("rap sheets") on the prospective jurors, which contained the information about their criminal histories that they failed to disclose. *Id.* The court held that the State's use of the jurors' rap sheets led to the inclusion of "venirepersons who demonstrated a lack of truthfulness and veracity" on the jury, which denied the defendant his right to an impartial jury. *Id.* at 344-45. *Martin* is distinguishable from the present matter because the focus of the court's holding was specifically on the State's use of the rap sheets as the cause of the defendant being denied an impartial jury, and the fact that certain prospective and selected jurors answered dishonestly was not in question. The court accepted the facts as presented in the record, that the five jurors had indeed lied. Here, the circuit court held an evidentiary hearing and

---

[3] On appeal, while Plaintiff refers to several jurors lying on their juror forms, the only fully articulated argument that this dishonesty warrants a new trial relates to Juror Green, and therefore we focus only on Plaintiff's contention that this individual's alleged misrepresentations prejudiced him at trial.

heard the testimony of the two jurors related to Plaintiff's remaining non-dismissed claims of misconduct at the time. The circuit court determined that Plaintiff was not deprived of his right to an impartial jury, finding that Juror Green credibly explained that he believed he was answering truthfully that he had not been the accused in a criminal matter because he had never been convicted of any crime, even though he had been arrested.

¶ 21    Plaintiff presents no further argument as to why we should find that the circuit court abused its discretion in deciding based on the testimony presented at the evidentiary hearing that Juror Green did not make misrepresentations or exhibit dishonesty to such an extent that this would have prejudiced Plaintiff at trial. While Plaintiff details Green's responses to questions posed during the hearing about his arrest for an altercation with a Peoples Gas employee, he does not provide any support for his position that the circuit court's ruling dismissing his petition for a new trial was arbitrary, fanciful, or unreasonable. Plaintiff instead attempts to distinguish two cases cited by the circuit court in its March 2019 order, *Pekelder v. Edgewater* (68 Ill.2d 136 (1977)) and *Barton v. Chicago and North Western Transp. Co.* (325 Ill.App.3d 1005, 1026 (1st Dist. 2001)).

¶ 22    The circuit court cites to *Pekelder* only to state the movant's burden of proof in moving for a new trial—that he must show that a juror answered falsely on *voir dire* and prejudice resulted therefrom. *Pekelder,* 68 Ill.2d at 139. This remains the proper showing that the movant must make in order to necessitate a new trial. The *Pekelder* decision further reiterated that the question of whether a juror's statements resulted in prejudice is within the discretion of the trial court, as the judge had the opportunity to observe the juror and his demeanor. *Id*. Here, although the judge who wrote the order from which Plaintiff appeals did not conduct the trial, she conducted the evidentiary hearing at which Juror Green was examined. In *Pekelder*, the record showed that the juror who served as foreman at trial—holding a leadership position in guiding the jurors through

deliberation—falsely stated that he was not a party to pending lawsuits. *Id.* at 140-41. The court stated that whether he intentionally lied or not, the trial court's granting of a new trial was proper, not because the reviewing court was determining that prejudice existed based on the record but because it found that "trial court could have reasonably concluded on the basis of the evidence that there was prejudice." *Id.* In the present matter, the question is the reverse; namely, whether the trial court could have reasonably concluded that there had not been prejudice. We find, for reasons previously stated, that it could have.

¶ 23    Plaintiff also argues that the circuit court misapplied the *Barton* case because it did not consider the decision's discussion of when the facts present a presumption of prejudice. 325 Ill.App.3d. The court in that case stated that "even without a finding of dishonesty, there are cases where a presumption of prejudice may arise. The test is whether the probability of prejudice is such that due process would be deemed inherently lacking." *Id.* at 1028 (citations omitted). In *Barton*, the defendants in the underlying litigation argued that a juror gave several false answers during *voir dire* regarding her past and present involvement in any other litigation. *Id.* at 1024. After conducting an evidentiary hearing, the trial court ruled that the juror's responses had been truthful, and it dismissed the defendants' motion for a new trial. *Id.* at 1025, 1028. The appellate court declined to disturb the trial court's decision regarding whether there had been juror misrepresentation, but further looked to whether a presumption of prejudice had arisen. *Id.* The court stated that our courts have repeatedly held that a juror's unintentional failure to disclose prior or pending litigation does not amount to a presumption of prejudice, and the movant must show actual prejudice in order to be granted a new trial under such circumstances. *Id.*

¶ 24    Given the circuit court's determination that Juror Green had not been deliberately untruthful, the *Barton* decision is instructive here. Plaintiff contends that the circuit court should

have analyzed whether Juror Green's misrepresentations amounted to discuss the presumption of prejudice. This misstates Plaintiff's burden; he was required to show actual prejudice under these circumstances, which he did not. Furthermore, Plaintiff is mistaken that the court failed to consider the existence of a presumption of prejudice—its order of March 21, 2019 clearly states that "[t]he facts of this case did not create a presumption of prejudice and thus cannot support the plaintiff's argument." It further explains that Plaintiff failed to show any connection between Juror Green's failure to accurately state his criminal record on his juror form and his conduct as a juror, particularly in light of is testimony that he rendered an impartial review of the evidence presented. Rather than showing a presumption of prejudice, Plaintiff showed no more than a "mere suspicion" of bias or partiality, which is insufficient to warrant a new trial. *See id*. at 1028-29. This court finds the circuit court's consideration of the presumption of prejudice to be appropriate and further agrees with its conclusion that Plaintiff failed to meet his burden of proving such a presumption.

¶ 25                                CONCLUSION

¶ 26     For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 27     Affirmed.